STATE v. R. M. KEETER.

(Filed 2 May, 1934.)

1. Homicide E a—

   A person assaulted by an unarmed assailant, but who is never apprehensive of his life or great bodily harm, commits manslaughter at least in repelling the assault by killing his assailant with a pistol.

2. Criminal Law L e—

   Where defendant on trial for homicide is guilty of manslaughter on his own statement, error, if any committed on the trial is cured or rendered harmless by the jury's verdict of guilty of manslaughter.

APPEAL by defendant from *Stack, J.,* at January Term, 1934, of MECKLENBURG.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Nick Neos.

Verdict: Guilty of manslaughter.

Judgment: Imprisonment in the State's prison for a period of not less than 13 nor more than 20 years.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorneys-General Seawell and Bruton for the State.*

*A. A. Tarlton and J. F. Newell for defendant.*

FERGUSON *v.* FERGUSON.

STACY, C. J. The record discloses that on 3 January, 1934, the defendant shot and killed Nick Neos on a public street in the city of Charlotte, under circumstances which rendered the homicide unlawful. The two were rival suitors, and it seems that the deceased had outdistanced the defendant in the affections of the woman in the case. They chanced to meet upon the street.

According to the State's evidence, the killing amounted to an unprovoked murder. The strongest exculpatory evidence is that of the defendant who testified that he shot the deceased "to get him loose from me. . . . I didn't intend to take his life." The defendant shot, not once, but twice. The deceased was unarmed. The evidence is conflicting as to who brought on the difficulty, but, at no time, did the defendant apprehend that he was in danger of losing his life or sustaining great bodily injury. He used excessive force to repel the assault, even if the deceased were the aggressor, which is denied by the State's evidence. *S. v. Cox,* 153 N. C., 638, 69 S. E., 419; *S. v. Robinson,* 188 N. C., 784, 125 S. E., 617.

As the defendant is guilty of at least manslaughter on his own statement, it is not worth while to consider his exceptions *seriatim.* Any error committed on the trial was harmless or cured by the verdict.

No error.