## STATE v. J. M. LAMBE.

(Filed 1 November, 1950.)

**1. Criminal Law § 78e (1)—**

In regard to the trial court's instructions as to applicable law and as to the contentions of the parties with respect to such law, a party is not required to except at the trial but may set out exceptions for the first time in his case on appeal. G.S. 1-206, G.S. 1-282.

**2. Criminal Law § 78e (2)—**

Misstatements of the evidence or the contentions of the parties arising on the evidence must be called to the trial court's attention in time to afford opportunity for correction, and in event the request for correction is refused, appellant must note an immediate exception to such ruling in order to present the matter for review on appeal.

**3. Criminal Law § 78e (1)—**

An exception to the charge must point out some specific part thereof as erroneous, and an exception to a portion of the charge embracing a number of propositions is insufficient if any of the propositions are correct.

**4. Criminal Law § 53g—**

The court's charge as to the permissible verdicts which the jury could return *held* in accord with G.S. 15-170, relating to conviction of less degrees of the same crime.

APPEAL by defendant from *Bobbitt, J.,* and a jury, at the February Term, 1950, of ROWAN.

Four criminal actions consolidated for trial by consent.

The defendant was charged in case 59 with feloniously assaulting his mother-in-law, Mrs. John Y. Hedrick, with a deadly weapon, to wit, a rifle, with intent to kill, and inflicting upon her serious injury not resulting in death contrary to G.S. 14-32; in case 60 with feloniously assaulting his wife, Mrs. J. M. Lambe, with a deadly weapon, to wit, a rifle, with intent to kill and inflicting upon her serious injury not resulting in death contrary to G.S. 14-32; in case 61 with assaulting a female person, to wit, his daughter, Mrs. Evelyn Jacobs, contrary to G.S. 14-33; and in case 62 with assaulting his son-in-law, Edward H. Jacobs by pointing a shotgun at him contrary to G.S. 14-34. The defendant pleaded not guilty to all charges.

Both the State and the defendant offered testimony at the trial.

The jury found the defendant guilty as charged in cases 59, 61, and 62. It acquitted him of the felonious assault charged in case 60, but convicted him of a less degree of that crime, to wit, an assault causing serious injury contrary to G.S. 14-33.

The trial judge imposed the following sentences: "In case . . . 59, judgment of the court is that the defendant be confined in the State's Prison at Raleigh for a period of three years. In cases . . . 60, 61, and 62, these three cases are consolidated for the purpose of judgment. The judgment of the court is that the defendant be confined in the Rowan County jail and assigned to work on the public highways of the State under the supervision of the State Highway and Public Works Commission for a period of twelve months. The sentence in these three cases to commence upon the expiration of the sentence imposed in case . . . 59."

The defendant excepted to each judgment and appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State, appellee.*

*P. S. Carlton for defendant, appellant.*

ERVIN, J. The first, second, and third exceptions relate to the denial of motions for compulsory nonsuits under G.S. 15-173. Appellant has expressly abandoned these exceptions. Such action is well advised; for there was plenary evidence at the trial to carry the cases to the jury, and support the verdicts for the State.

The fourth and fifth exceptions question the validity of lengthy portions of the charge. They were noted for the first time in the case on appeal on the theory that the judge expressed opinions on facts in these parts of the charge in violation of the statute embodied in G.S. 1-180. This position is not well taken. The specified portions of the charge constitute mere statements by the judge of contentions of the parties arising upon evidence. This being true, the fourth and fifth exceptions are without value to appellant, for the reasons stated below.

Under the appellate practice which obtains in this jurisdiction, it is not incumbent upon a litigant to except at the trial to errors in the instructions of the judge as to applicable law, or in the instructions of the judge as to the contentions of the parties with respect to such law. It is sufficient if he sets out his exceptions to errors in such instructions for the first time in his case on appeal. G.S. 1-206, 1-282; *S. v. Johnson*, 227 N.C. 587, 42 S.E. 2d 685; *Cherry v. R. R.*, 186 N.C. 263, 119 S.E. 361. The rule is otherwise, however, where the judge misstates the evidence, or the contentions of the parties arising on the evidence. When that occurs, the litigant must call the attention of the judge to the misstatement at the time it is made, and thus afford the judge an opportunity to correct it before the case is given to the jury. Furthermore, he must note an immediate exception to the ruling of the judge in case his request for the correction of the misstatement is refused. If this course is not

STATE v. LAMBE.

pursued, the misstatement of the evidence or of the contentions based thereon is not subject to attack or review on appeal. *S. v. Thompson,* 226 N.C. 651, 39 S.E. 2d 823; *S. v. McNair,* 226 N.C. 462, 38 S.E. 2d 514; *S. v. Shoup,* 226 N.C. 69, 36 S.E. 2d 697; *S. v. Rising,* 223 N.C. 747, 28 S.E. 2d 221.

The sixth exception is a general exception to a lengthy portion of the charge relating to case 60, and containing a number of propositions, including the following: "If the State has failed to satisfy you from the evidence beyond a reasonable doubt that the defendant unlawfully assaulted Mrs. Lambe, it would be your duty to return a verdict of not guilty." This exception falls under the condemnation of the necessary rule of appellate practice that an exception must point out some specific part in the charge as erroneous, and that an exception to a portion of a charge embracing a number of propositions is insufficient if any of the propositions are correct. *S. v. Bryant,* 178 N.C. 702, 100 S.E. 430; *S. v. Bowman,* 152 N.C. 817, 67 S.E. 1058. See, also, in this connection: *S. v. Cameron,* 166 N.C. 379, 81 S.E. 748. Similar observations apply to the seventh exception, which is directed to a part of the charge relating to case 62.

The eighth exception is to an instruction to the petit jury that it could return any one of four verdicts, to wit, guilty of an assault with a deadly weapon with intent to kill resulting in serious injury, as charged, or guilty of an assault with a deadly weapon, or guilty of an assault doing serious injury, or not guilty under each indictment charging a violation of G.S. 14-32, depending upon what it found the facts to be from the testimony. There is no discrepancy on the present record between this instruction and the statute providing that "upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime." G.S. 15-170; *S. v. Anderson,* 230 N.C. 54, 51 S.E. 2d 895; *S. v. Elmore,* 212 N.C. 531, 193 S.E. 713.

The remaining exceptions are formal and need not be discussed.

The proceedings in the Superior Court will be upheld, for there is in law

No error.