STATE OF NORTH CAROLINA v. WALTER BASS

No. 6914SC328

(Filed 23 July 1969)

1. **Constitutional Law § 31— right of cross-examination — examination of witness from counsel table**

In this common-law robbery prosecution, defendant was not denied his constitutional right effectively to cross-examine the prosecuting witness by court's reminder to defense counsel that interrogation of witnesses should be conducted from the counsel table, where the court indicated that it would review its ruling should the necessity be later shown for defense counsel to leave the counsel table for purpose of a physical demonstration, and no such necessity was ever shown.

2. **Criminal Law § 89— cross-examination as to prior convictions**

Defendant has the right to cross-examine a State's witness with respect to the witness' previous criminal convictions for the purpose of impeaching the testimony of the witness.

3. **Criminal Law § 169— exclusion of question as to prior conviction — harmless and prejudicial error**

No prejudicial error is shown in the trial court's sustention of an objection to a competent question begun by defense counsel as to whether on a certain date a State's witness had been "charged and convicted," the trial court apparently thinking defense counsel was continuing previously disallowed interrogation concerning prior criminal charges as distinguished from prior convictions, where the trial court permitted defense counsel immediately thereafter to continue questioning the witness and to obtain his admission of a conviction for leaving the scene of an accident, and the record does not disclose what the answer of the witness would have been.

4. **Criminal Law § 167— burden of showing prejudicial error**

Defendant appellant has the burden not only to show error but to show that such error was prejudicial.

5. **Criminal Law § 113— recapitulation of the evidence — direct testimony**

In this common-law robbery prosecution, statement by the court in

recapitulating the evidence that the prosecuting witness testified that he had identified defendant from pictures shown him by a detective *is held* supported by the witness' direct testimony.

**6. Criminal Law § 168— misstatement of evidence in charge — harmless and prejudicial error**

In this prosecution for common-law robbery, no prejudicial error is shown in the trial court's inaccurate statement in the charge that the robbery victim testified that the lights at the crime scene were a little brighter than the courtroom lights, when, in fact, the witness *so testified* as to the lights in a bus station, where the witness testified in detail as to lighting conditions at the crime scene, the court instructed the jury that they were to be guided by their own recollection of the testimony, and this misstatement of the evidence was not called to the court's attention at the trial.

**7. Criminal Law § 166— abandonment of assignments of error**

Assignment of error not brought forward in the brief is deemed abandoned. Court of Appeals Rule No. 28.

APPEAL by defendant from *Bowman, J.,* 10 March 1969 Criminal Session of DURHAM Superior Court.

By bill of indictment, proper in form, defendant was charged with the offense of common-law robbery of one James Lewis Parrish, alleged to have been committed on 18 January 1969. He pleaded not guilty. At the trial the victim of the robbery, appearing as a witness for the State, testified in substance as follows: That about 12:30 a.m. in the early morning of 18 January 1969 he went to the bus station in the City of Durham for the purpose of getting supper; after eating, he left the bus station and walked approximately two blocks on his way home when the defendant ran up behind him, grabbed him around the neck, and knocked him down; he could see the defendant, who came in front of him when defendant shoved him down; there was a street light at the corner; three other boys then ran up and two of the boys held him while the other two searched him and took from him his watch, his pocketbook and money, and other personal belongings; he had seen the four boys previously around the bus station and had seen the defendant in the bus station that night when he ate supper. The second witness for the State was a pawnbroker who testified that on the morning of 18 January 1969 the defendant, whom he had known for approximately one year, had come into his pawnshop and pawned a watch with him. The watch was put in evidence and identified as the watch belonging to the victim and which had been taken from him during the course of the robbery.

The defendant took the stand and testified to an alibi and that he had purchased the watch on the morning of 18 Jaunary for $4.00 from a man he met in a poolroom and later had pawned it for $6.00.

The jury found defendant guilty as charged, and from judgment imposing prison sentence thereon, defendant appeals, assigning errors.

*Attorney General Robert Morgan and Staff Attorney L. Phillip Covington, for the State.*

*William R. Winders for defendant appellant.*

PARKER, J.

[1]   Appellant's first assignment of error, based on his exceptions #1 and 2, is that the court denied his constitutional right effectively to cross-examine the principal witness for the State, first, as to the method by which the robbery had been accomplished and, second, as to the witness's past criminal record. Exception #1 is based upon the following episode, which occurred while counsel for defendant was cross-examining the victim of the robbery:

> Counsel for defendant: "Mr. Parrish, you say this boy here came up behind you?"

> The Court: "All interrogation of witnesses is conducted from the counsel table."

> Counsel for defendant: "I was going to get him to show me how this man grabbed him, if Your Honor please. I would like to use something to show how it happened, and I think it is important as to how it happened."

> The Court: "When you come to that point, we will see."
The court committed no error in reminding defense counsel of the rule of decorum generally enforced in the courts of this State that interrogation of witnesses be conducted from the counsel table. Further, the court clearly indicated that it would review its ruling should the necessity be later shown for defense counsel to leave the counsel table for purpose of a physical demonstration. Examination of the record reveals that such necessity was never shown, as defense counsel proceeded to accomplish his purpose of demonstrating how the attack had been made by questions asked from the counsel table, and this was done without further interruption by the court or objection by the solicitor. The defendant was given full opportunity to cross-examine the State's witness as to the method by which the robbery had been accomplished.

[2-4]    Appellant's exception #2 is directed to a remark made by the court while defendant's counsel was cross-examining the State's principal witness as to the witness's own prior criminal record. In this connection, the State's witness had been asked by defendant's counsel if he had been *charged* with assault and battery on two separate occasions. The answer in both cases was in the negative. The solicitor objected to the form of the question, which objection was sustained after the witness had already answered. Defense counsel then asked:

"On December 29, 1966, Mr. Parrish, were you charged with and convicted of —"

The Court: "Sustained. You know better than to ask that question."

For the purpose of impeaching the testimony of the State's witness, defendant had the right to cross-examine with respect to the witness's previous criminal convictions and the question asked was a proper one. *Ingle v. Transfer Corp.*, 271 N.C. 276, 156 S.E. 2d 265. Apparently the trial judge thought that defendant's counsel was continuing to interrogate concerning previous criminal charges which had been made against the witness, as distinguished from his previous convictions for criminal offenses. That this was the case appears from the fact that the court did permit defense counsel immediately thereafter to continue, without interruption, to question the witness and to obtain his admission to having been convicted and sentenced for the criminal offense of leaving the scene of an accident. It is not clear from the record whether this conviction was the one referred to in counsel's question, above quoted, as having occurred on 29 December 1966. If it was, then defendant's counsel did successfully cross-examine the witness with respect to that conviction, despite the interruption by the court, and defendant has suffered no prejudice. If it was not, then the record does not disclose what the witness's answer would have been; consequently, it is impossible for us to know whether the ruling was prejudicial. We cannot assume the witness's answer would have been in the affirmative. The burden was on the defendant not only to show error but to show that such error was prejudicial. *State v. Poolos*, 241 N.C. 382, 85 S.E. 2d 342. No prejudicial error has been shown in defendant's first assignment of error.

[5]    Appellant's second assignment of error, based on his exceptions #4 and 5, is addressed to that portion of the court's charge ·to the jury in which the court recapitulated the testimony of ·the prosecuting witness. Exception #4 is directed to that portion of the

charge in which the court stated: "At this point he (referring to the prosecuting witness) stated that he identified defendant from some pictures Mr. Cameron, the detective, showed him." Examination of the transcript reveals the following questions on cross-examination by defendant's counsel and the following answers given by the State's witness:

"Q.  Have you been shown any pictures by Mr. Cameron?

"A.  Yes sir.

"Q.  Have you identified anybody?

"A.  No.

"Q.  You have not?

"A.  I identified him (pointing to the defendant).

"Q.  You identified him where?

"A.  I said I could identify him.

"Q.  Where did you identify him?

"A.  Pictures Mr. Cameron showed me."

From the foregoing series of questions and answers, it is clearly apparent that the witness did testify positively that he had identified the defendant from pictures shown him by the detective, and it was not error for the court to so charge the jury while recapitulating that testimony.

[6]  Exception #5 is to the portion of the judge's charge in which it is stated, while still recapitulating the testimony of the same witness:

"On redirect examination the witness testified that the lights at the scene from the street light were a little brighter than the courtroom lights."

This statement of the witness's testimony was not accurate, since the witness had testified that the lights in the bus station, not the lights at the scene of the crime, were a little brighter than the courtroom lights. The witness had testified in some detail, both on direct and cross-examination, as to the lighting conditions at the scene of the crime. In particular, he had testified that the scene was lighted by an ordinary street light which was at the corner approximately 50 feet from the place he was robbed. The court did positively instruct the jury that they were to be governed solely and entirely by their own recollection of the testimony and were to disregard the recollection of any other person, including that of the judge. While the judge's charge did contain an inaccurate statement of the testimony

in the respect noted, we do not believe the error material or that the jury was misled thereby. Furthermore, it does not appear that this misstatement of the evidence was called to the attention of the court before the jury retired or at any time during the trial. Our Supreme Court has repeatedly held that this must be done in order to give the court an opportunity to correct the inadvertence. After verdict, the objection comes too late. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469; *State v. Cornelius,* 265 N.C. 452, 144 S.E. 2d 203; *State v. McNair,* 226 N.C. 462, 38 S.E. 2d 514.

[7]    Appellant's final assignment of error is not brought forward in his brief and is deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals. In the entire trial we find no error sufficiently prejudicial to warrant awarding a new trial.

No error.

MALLARD, C.J., and BRITT, J., concur.