STATE OF NORTH CAROLINA v. HENRY BRADSHAW

No. 6910SC536

(Filed 31 December 1969)

1. **Criminal Law § 118; Rape § 6— misstatement of State's contentions — assumption of evidence not in record — prejudice to defendant**

In this prosecution for the rape of a ten-year-old child, the trial court committed prejudicial error in charging the jury that "the State contends that you should find from the evidence that there is no other male person that was in their presence except him, and no other male person that could have committed this offense, if it were committed," where the evidence shows that on the day of the alleged crime defendant was in the company of the prosecutrix from sometime in the morning until 3:00 o'clock in the afternoon, but there is no evidence accounting for the activities of the prosecutrix from 3:00 o'clock in the afternoon until some hours later when she told her mother what allegedly happened, since the court in effect told the jury that whatever had in fact happened to the prosecutrix could only have been done by defendant, and there was no evidence to support such a conclusion.

2. **Criminal Law § 118— instructions — contentions of the parties — misstatement upon material point — failure to object**

While ordinarily error in stating the contentions of the parties must be brought to the trial court's attention in time to afford an opportunity for correction, where the misstatement of a contention upon a material point includes an assumption of evidence unsupported by the record, the misstatement must be held prejudicial, notwithstanding the absence of timely objection.

APPEAL by defendant from *Carr, J.,* 4 August 1969 Session of WAKE Superior Court.

Defendant was charged in a bill of indictment with the capital felony of rape of a female child under the age of 12 years. He pleaded not guilty. The jury returned a verdict of guilty of assault on a female with intent to commit rape. From judgment imposing prison sentence on the verdict, defendant appealed.

*Attorney General Robert Morgan by Staff Attorney Sidney S. Eagles, Jr., for the State.*

*Peyton B. Abbott for defendant appellant.*

PARKER, J.

The offense for which defendant was charged was alleged to have been committed on 7 December 1968. On that date the prosecuting witness, a child 10 years old, lived with her mother in Raleigh,

North Carolina. The defendant was a widower 45 years old, and was father of 8 children. He had formerly rented a room in the same home occupied by the prosecuting witness and her family. On the morning of 7 December 1968 he took the prosecuting witness and her 3 younger sisters in his car and drove to his sister-in-law's home near Zebulon, N. C. There the children played with other children. While driving back to Raleigh, he stopped the car briefly for the purpose of hunting for a Christmas tree, but did not find one. He returned with the children to Raleigh about 2:30 or 3:00 o'clock in the afternoon. Not finding the children's mother at home, he took them to the home of an aunt, who lived nearby, where they found the mother visiting.

The State's case rests entirely on the testimony of the prosecuting witness, who testified that at the time defendant had stopped his car to look for the Christmas tree, he had left the 3 younger children in the car and had taken her into the woods with him, where he had sexually assaulted her. Defendant took the stand and testified to taking the children with him in his car, but denied he had taken the prosecuting witness with him when he stopped to look for the tree. He testified that on the contrary he had instructed all of the children to remain in the car, and that he had himself left the car only briefly in an unsuccessful search for a suitable tree.

The child's mother testified that after the defendant had brought the children to her sister's home about 3:00 o'clock in the afternoon, they had remained at her sister's for a while and then had returned home; that she had later asked the children if they had looked for a Christmas tree, and the prosecuting witness then told her that she and defendant had gone to get a tree; that she had asked the prosecuting witness "did anything happen;" and that the prosecuting witness had first told her "no," but that when she had told the child that if she didn't tell the truth she was going to whip her, the child had then told her of the assault.

A doctor who examined the child about 7:00 p.m. on 7 December 1968, testified that he found no serious injury, that examination for sperm was negative, but that he did find slight abrasions within the child's vulva; that he examined her hyman ring and it was intact.

[1]　In its charge, the Court stated "And the State contends that you should find from the evidence that there is no other male person that was in their presence except him, and no other male person that could have committed this offense, if it were committed." Examination of the record before us fails to disclose any evidence accounting for the activities of the prosecuting witness from approx-

imately 3:00 o'clock in the afternoon until some hours later, when her mother questioned her. There was testimony from the defendant that when he returned to the home of the prosecuting witness, approximately 2:30 in the afternoon, the yard and its vicinity contained a number of boys at play. By the quoted statement from the charge, the Court in effect told the jury that whatever had in fact happened to the prosecuting witness could only have been done by the defendant. In this there was error.

[2] While ordinarily error in stating contentions of the parties must be brought to the trial court's attention in time to afford opportunity for correction, where the misstatement of a contention upon a material point includes an assumption of evidence entirely unsupported by the record, the misstatement must be held prejudicial, notwithstanding the absence of timely objection. *In Re Will of Atkinson*, 225 N.C. 526, 35 S.E. 2d 638; *State v. Wyont*, 218 N.C. 505, 11 S.E. 2d 473; 7 Strong, N.C. Index 2d, Trial § 34, p. 338.

[1] While the record reveals that the learned and the experienced trial judge exercised great care in conducting the trial of this case, we cannot say that the error noted above was not prejudicial to the defendant. The State's entire case rested upon the testimony of a young child. The defendant was in the company of this child under circumstances entirely compatible with his innocence. He stoutly protested that he was innocent. A previous trial had ended in mistrial when the jury was unable to agree upon a verdict. The portion of the charge above quoted could well have left with the jury the impression that the evidence indicated that whatever happened to the child could only have happened by some act of the defendant and that no other person could have been involved. There was no evidence to support such a conclusion.

For the error noted there must be a

New trial.

CAMPBELL and GRAHAM, JJ., concur.