STATE OF NORTH CAROLINA v. LAWRENCE C. BUTCHER

No. 716SC508

(Filed 15 December 1971)

Criminal Law §§ 114, 116, 168— instructions — mistaken assertion that defendant took the stand and testified

    Trial court's instruction which mistakenly asserted that the defendant took the stand and testified as to material matters of the case is reversible error, even though the defendant did not call this misstatement of the evidence to the court's attention before the jury retired to consider the case.

APPEAL by defendant from *Cowper, Judge,* 29 March 1971 Session of Superior Court held in NORTHAMPTON County.

Defendant was tried upon a bill of indictment, proper in form, charging him with a felonious assault. Without objection, the defendant's case was consolidated for trial with that of one Ervin Moody, Jr., who was charged with feloniously assaulting the same victim on the same date. Upon a verdict of guilty of assault with a deadly weapon, a misdemeanor, the defendant was given an active prison sentence and appealed to the Court of Appeals, assigning error.

*Attorney General Morgan and Associate Attorney Reed for the State.*

*Bruce C. Johnson for defendant appellant.*

MALLARD, Chief Judge.

Defendant assigns as error the failure of the judge to allow his motion for judgment as of nonsuit. From the evidence, this occurrence seems to have been a Sunday night "shoot-out" on 23 June 1968 at a "juke box joint." Because a new trial is awarded, we refrain from a discussion of the evidence. We hold that on this record the evidence was sufficient to take the case to the jury, and the trial judge did not commit error in overruling the defendant's motion for judgment as of nonsuit.

Defendant also assigns as error the following portions of the judge's instructions to the jury.

    "The *defendant Butcher, Lawrence C. Butcher,* testified about this affair and *told Sheriff Ingram about it. He*

*testified here at the courthouse* and said that he had a pistol and that he had thrown it away, and he also said he could not have shot Wesley, because he was on the opposite side of the car. That he did shoot into the car with a .22 pistol. That Moody told him he shot back at the moving car and that he saw Jack Clanton shoot at him. (Emphasis added.)

\*     \*     \*

Now, the *defendant Butcher took the stand on his own behalf.* He said that he went to Squire's place on this night with Moody, and that they had come out and they heard a shot and saw his brother-in-law running. That he heard a second shot and that Moody was hit in the face and he left. That Jack Clanton shot at Moody first and then he shot at Butcher as they were walking around when they were shot, and that he saw Jack Clanton with the pistol standing by the car, and he saw the flash of the gun as it was discharged." (Emphasis added.)

The defendant's brother, Randolph Butcher, testified; but the defendant, Lawrence Butcher, did not take the stand and testify.

The record reveals that the defendant did not call this misstatement of the evidence to the attention of the judge before the jury retired to consider the case. Neither did the defendant request the judge to instruct the jury how they should consider the fact that the defendant did not testify.

The general rule is that where the judge, in charging the jury, misstates the evidence or the source of the evidence, such inaccuracy must be called to the attention of the judge before the jury retires to afford him an opportunity to correct it; otherwise, the objections thereto are deemed waived and will not be considered on appeal. *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28 (1970); *State v. Ritter,* 239 N.C. 89, 79 S.E. 2d 164 (1953); *State v. Lambe,* 232 N.C. 570, 61 S.E. 2d 608 (1950); *State v. Walker,* 6 N.C. App. 740, 171 S.E. 2d 91 (1969); *State v. Bass,* 5 N.C. App. 429, 168 S.E. 2d 424 (1969). But this rule is not applicable where the misstatement is of a material fact not shown in evidence, in which event it is not required that the matter have been called to the judge's attention before the jury retires. *State v. Frizzelle,* 254 N.C. 457, 119 S.E. 2d 176 (1961); *Baxley v. Cavenaugh,* 243 N.C. 677, 92 S.E. 2d 68 (1956); *State v. McCoy,* 236 N.C. 121, 71 S.E. 2d

921 (1952) ; *Piedmont Supply Co. v. Rozzell,* 235 N.C. 631, 70 S.E. 2d 677 (1952) ; *State v. Blackshear,* 10 N.C. App. 237, 178 S.E. 2d 105 (1970) ; *State v. Bradshaw,* 7 N.C. App. 97, 171 S.E. 2d 204 (1969) ; *State v. Blackmon,* 6 N.C. App. 66, 169 S.E. 2d 472 (1969) ; *State v. Boone,* 5 N.C. App. 194, 167 S.E. 2d 780 (1969) ; *State v. Bertha,* 4 N.C. App. 422, 167 S.E. 2d 33 (1969) ; 1 Strong, N. C. Index 2d, Appeal & Error, § 31.

Absent a special request, the judge is not required to instruct the jury that a defendant's failure to testify does not create any presumption against him. *State v. Rainey,* 236 N.C. 738, 74 S.E. 2d 39 (1953) ; *State v. Kelly,* 216 N.C. 627, 6 S.E. 2d 533 (1940) ; *State v. Jordan,* 216 N.C. 356, 5 S.E. 2d 156 (1939) ; 3 Strong, N. C. Index 2d, Criminal Law, § 116. However, when the trial judge elects, or is requested to charge the jury concerning the defendant's testimony, or lack of it, it becomes his duty to charge correctly on this phase of the case.

In 3 Strong, N. C. Index 2d, Criminal Law, § 116, the rule is stated:

"The failure of defendant to testify in his own behalf should not be made the subject of comment by the court *except to inform the jury that a defendant may or may not testify in his own behalf as he may see fit, and that his failure to testify does not create any presumption against him.* * * * " (Emphasis added.)

In the case before us, the defendant did not testify, yet the trial judge twice instructed the jury that the defendant did testify and informed the jury of what the defendant purportedly had said. Much of what the jury was told by the judge that the defendant testified to was, in substance, what the State's witness, Deputy Sheriff E. W. Ingram, testified that the defendant had told him. The statement that Mr. Ingram attributed to the defendant would be direct evidence that the defendant was firing a pistol *at* the car in which the victim was shot. The judge, in the challenged instructions, informed the jury that the defendant "told Sheriff Ingram about it." This was stating as a fact that the defendant had told the deputy sheriff about the matter, and it amounted to an expression of an opinion by the judge on a crucial fact in the case, in violation of G.S. 1-180 which prohibits the judge from expressing an opinion whether a fact is fully proven. It was for the jury, not the judge, to

determine whether the defendant had in fact told the deputy sheriff about the matter; and if so, what it was that he had told him. In 5 Am. Jur. 2d, Appeal and Error, § 815, it is said:

> "And it is reversible error for the court to assume that any fact necessary to establish the guilt of the defendant has been proved, and thus, by its instructions, to relieve the jury of its obligation to consider that issue."

The trial judge, in the challenged instructions, has attributed much of what the deputy sheriff testified that the defendant told him, as having been testified to by the defendant himself. Without the testimony of Deputy Sheriff Ingram, the evidence for the State was not very strong against the defendant. We think, therefore, that when the judge instructed the jury that the defendant *"testified here at the courthouse"* to the substance of what the *deputy sheriff* said that the defendant had told him, the case of the State was strengthened to the prejudice of the defendant.

In addition, when the judge instructed the jury that the defendant testified "here at the courthouse" that he did shoot *"into"* the car, he again materially misstated the evidence in the case. There was no testimony by the deputy sheriff or anyone else that the defendant Butcher ever told anyone that he had shot *"into"* the car. The deputy sheriff did testify that Butcher told him that he had shot "at" the car. According to the evidence, the victim was on the inside of the car when he got shot, and therefore we think it was prejudicial for the trial judge, when the defendant did not testify, to inform the jury that the defendant testified that he did shoot "into" the car with a .22 pistol. The words "shooting into" a car and "shooting at" a car have different connotations. The word "into" has a more limited meaning in this context than the word "at."

Of course, the jury, who had been present throughout the trial, knew that the defendant did not testify, but they must have been confused by the instruction of the judge, or they may have thought that the defendant had "testified here at the courthouse" at some other time. Even if we should assume, which we do not, that the jury considered the judge's instructions as concerning only what the defendant Butcher had related to the deputy sheriff, this, in itself, was in part a misstatement of the evidence on a material fact and was prejudicial.

Furthermore, we think that the fact that the defendant did not testify may have been unduly accentuated by these statements which the trial judge attributed to the defendant.

In *State v. Jordan, supra,* Justice Seawell, speaking for the Court about the trial judge's instructions to the jury concerning the defendant's *failure* to testify, said:

> " * * * . . . (I)t is debatable whether the judge does not do the defendant a disfavor by emphasizing the failure of the defendant to go upon the stand and, thereby, deepening an impression which is perhaps hardly ever removed by an instruction which requires a sort of mechanical control of thinking in the face of a strong natural inference. (citation omitted)

> Upon these considerations, we think the matter had best be left to the sound judgment of the defending attorney whether he shall forego the instruction or specially ask for it."

In this connection, see also Anno., 18 A.L.R. 3d 1335.

Defendant has other assignments of error which we do not deem necessary to discuss.

For the reasons stated, we hold that the defendant is entitled to a new trial.

New trial.

Judges HEDRICK and GRAHAM concur.