STATE OF NORTH CAROLINA v. ANDREW JONES, JR.

No. 7410SC505

(Filed 5 June 1974)

1. Criminal Law § 98— denial of motion to sequester witnesses

The trial court did not err in the denial of defendant's motion to sequester the State's witnesses where the motion was made after the State had begun to present its case and defendant failed to explain why he wanted the witnesses sequestered.

2. Criminal Law § 99— questions by court — no expression of opinion

The trial court did not express an opinion in questioning witnesses where the court was merely trying to clarify the witnesses' testimony. G.S. 1-180.

3. Criminal Law § 88— cross-examination — assuming fact not in evidence — absence of prejudice

In an armed robbery case, the solicitor's question during cross-examination of a witness as to whether the witness had ever used any of the drugs defendant brought by, while assuming a fact not shown by the evidence, was not prejudicial to defendant.

4. Criminal Law § 114— summarizing evidence — expression of opinion — failure to use "allegedly admitted"

The trial judge did not express an opinion that the evidence was sufficient to show that defendant admitted the robbery in question when he charged the jury that a deputy sheriff testified that he wasn't present "when defendant admitted the robbery," although the deputy testified that he did not hear defendant admit the robbery, where the sheriff had testified that defendant admitted to him that he had participated in the robbery; furthermore, defendant was not prejudiced by the court's failure to say "allegedly admitted" rather than "admitted."

5. Criminal Law § 113— failure to define "confession"

The trial court was not required to define the term "confession" for the jury absent a request for such an instruction.

6. Criminal Law § 117— accomplice testimony — failure to charge on scrutiny

The trial court did not err in failing to charge that the testimony of accomplices required special scrutiny absent a request therefor.

7. **Criminal Law § 138— more severe sentence than given accomplices who pled guilty**
    Defendant was not punished for exercising his right to plead not guilty when he received a more severe sentence than sentences received by two accomplices who pled guilty and testified against defendant.

APPEAL by defendant from *Copeland, Judge,* 21 January 1974 Session of Superior Court held in WAKE County.

Defendant Andrew Jones, Jr., was indicted for armed robbery.

The State's evidence tended to show the following. On 5 October 1973, defendant discussed with friends the possibility of "going stealing" in order to get some "quick money" for rent and car payments. On the evening of 8 October 1973, Ranson W. Byrd was robbed at gunpoint by three men, defendant Jones, Leon Cheek and Bobby Oliver. The robbers left the scene of the robbery in a black Chevrolet Monte Carlo. Some time after 10:00 p.m., Jones, Cheek and Oliver went to Cheek's residence. Cheek's wife testified that after the trio went into a back bedroom, she heard money rattling and that "[t]here was also some burning of papers." The witness also said that the group discussed "who was going to take who home and whether or not they should change clothes at this time. Andrew did change clothes." Another witness corroborated part of the above evidence and also testified that when Cheek was asked how "much money did ya'll get?" he responded, "about $275.00. There weren't no money in it." The same witness stated he had seen a gun similar to that used in the robbery in defendant's possession on 5 October 1973. The State called a police officer who testified that defendant admitted participating in the robbery after his arrest. There was also testimony from both Cheek and Oliver implicating themselves, each other and defendant in the crime.

Testifying in his own behalf, defendant denied robbing Byrd's Grocery and claimed he was elsewhere when the robbery allegedly occurred. Several witnesses tended to corroborate defendant's claim of alibi.

Upon a verdict of guilty, defendant was sentenced to an active prison term of 10 to 12 years to commence at the expiration of a sentence previously imposed in another case.

*Attorney General Robert Morgan by John R. Morgan, Associate Attorney, for the State.*

*Vaughan S. Winborne for defendant appellant.*

VAUGHN, Judge.

Defendant contends the court erred in denying his timely motions for nonsuit and to set aside the verdict as contrary to the weight of the evidence. The evidence was clearly sufficient to take the case to the jury and supports the verdict.

[1] Defendant argues that the court erred in denying his motion to sequester the witnesses for the State. Defendant concedes that the denial is not reviewable except on the issue of abuse of discretion. We note that defendant made the motion after the State had begun to present its case and that defendant failed to explain why he wanted the witnesses sequestered. *Compare State v. Clayton,* 272 N.C. 377, 158 S.E. 2d 557. The record does not show abuse of discretion, and this assignment of error is overruled.

[2, 3] Defendant further contends that several times during the trial the court, in questioning witnesses, improperly expressed an opinion in violation of G.S. 1-180. The record indicates that the court was merely trying to clarify witness' testimony, *see State v. Freeman,* 280 N.C. 622, 187 S.E. 2d 59, and in so doing did not violate G.S. 1-180. In one instance the court was obviously endeavoring to determine whether a defense witness stated that she had seen defendant wear a particular shirt or whether she stated that she had seen him wear a similar shirt. In response to the court's question, the witness simply repeated the statement she had just made, namely, that she had seen defendant wear the shirt before. In this there was no error. In the other instance, the court was seemingly attempting to ascertain what a witness meant by the statement, ". . . to meet to deal or whatever." The court asked, "What?" The witness replied, "To deal drugs." In a related challenge, defendant asserts that the court erred in allowing the district attorney to ask the following question: "Have you ever used any of the drugs he [defendant] brought by?" The answer was "No." Although the question assumed a fact not shown by the evidence and thus was improperly framed, the witness was under cross-examination, and we hold that defendant has shown neither abuse of discretion nor prejudicial error.

[4-6] Defendant maintains that the trial court's instructions to the jury contained numerous errors. Having carefully reviewed the charge as a contextual whole, we conclude that it was free of prejudicial error. Defendant maintains that in summarizing the evidence, the court made the following misstatement:

> "Then, the defendant called Deputy Sheriff Brown, who gave evidence tending to show . . . he was present when the defendant signed the waiver of his rights and he was in and out of the room, but *wasn't in there when the defendant admitted the robbery.*"

That part of Brown's testimony which the court was summarizing included the following:

> "He, Andrew Jones, advised Deputy Womble and I if we would charge him with a misdemeanor, he would tell us all about it. I never heard him admit participating in Byrd's Grocery Store robbery."

Sheriff Womble in effect testified at trial that defendant admitted participating in the robbery. The court recapitulated this evidence in an earlier portion of its instructions. Defendant asserts that the court in summarizing Brown's testimony expressed an opinion, i.e., that in the court's view the evidence was sufficient to show defendant admitted the robbery, although defendant denied making such an admission. We disagree. There was evidence that defendant had made the admission to Sheriff Womble. The court was merely summarizing what evidence tended to show. If his remarks erroneously indicated that Brown's testimony tended to show that defendant, contrary to his assertions, actually admitted participating in the robbery although Brown did not actually hear such an admission, defendant should have advised the court of its misconception regarding the evidence before the case was sent to the jury. *State v. Butcher*, 13 N.C. App. 97, 185 S.E. 2d 11, and cases cited therein. Moreover, even if it is assumed that better practice requires the court to say "allegedly admitted" rather than "admitted," failure to use the former expression is not reversible error. "[T]here is no reason to think the incorrect word misled the jury or was understood by them as taking away their power to say whether matters in evidence," including those relating to defendant's confession, "were facts or not. . . ." *State v. Jones*, 67 N.C. 285. Defendant also contends the court was obli-

gated to define the term "confession" for the jury. We hold that the court was not required to do so. No request was made for a definition of the term, which is a word of common usage and meaning. *See State v. Jennings,* 276 N.C. 157, 171 S.E. 2d 447. Defendant maintains the court erred in not instructing that the testimony of accomplices required special scrutiny, although defendant did not request such an instruction. This contention is without merit. *State v. Roux,* 266 N.C. 555, 146 S.E. 2d 654. Defendant's other exception to the charge has been considered and is overruled.

[7]    Defendant also argues that his sentence was discriminatory because his coparticipants in the crime, who pled guilty and testified against defendant, received lighter sentences than the one imposed on defendant and that he thus, in effect, was punished for exercising his right to plead not guilty. There is nothing in the record to support the contention and the same is overruled. We find no prejudicial error in defendant's trial.

No error.

Judges PARKER and CARSON concur.