STATE OF NORTH CAROLINA v. GARY JOYNER

No. 813SC177

(Filed 6 October 1981)

1. **Criminal Law § 76.2— general objection to in-custody statement—necessity for motion to suppress**

    The trial court could properly overrule defendant's general objection to an officer's testimony concerning defendant's in-custody statement since a motion to suppress in accordance with G.S. 15A-971 *et seq.* was the proper procedure to challenge the admission of evidence allegedly required to be excluded by the United States or North Carolina Constitutions.

2. **Criminal Law § 75.5— sufficiency of Miranda warnings**

    Miranda warnings given by an officer to defendant prior to defendant's in-custody statement were in all respects complete and adequate.

3. **Criminal Law § 76.2— in-custody statement—voir dire not required**

    Where defendant's in-custody statement was not in the nature of a confession or an acknowledgment of guilt of any element of the charge against him, the trial court was not required to conduct a voir dire hearing in order to determine its admissibility.

4. **Criminal Law § 162— absence of objection—waiver of objection to similar testimony**

    Through the admission of testimony without objection defendant waived subsequent objection to the admission of testimony of a similar character by another witness.

5. **Criminal Law § 113.9— misstatement of evidence—waiver of objection**

    Defendant waived objection to the court's statement of a non-material fact not shown in evidence by failing to call the misstatement to the attention of the trial judge before the jury retired.

6. **Assault and Battery § 15.6; Criminal Law § 168.3— erroneous instruction on self-defense—harmless error**

    In a prosecution for assault with a deadly weapon with intent to kill, defendant was not prejudiced by the trial court's erroneous instruction that, in

State v. Joyner

determining whether defendant acted in self-defense, the jury should consider whether "defendant" rather than "the victim" had a weapon in his possession.

**7. Assault and Battery § 15.6— self-defense—instruction on defendant as aggressor**

   The State's evidence in a felonious assault case would support a finding that defendant was the aggressor and warranted an instruction that self-defense is an excuse only if defendant himself was not the aggressor where it tended to show that defendant intervened in an altercation between the victim and a third person; defendant produced a pistol and was told by the victim to put the gun away; defendant replied that he was going to shoot the victim if the victim hit the third person; and the third person then hit the victim with a beer bottle and defendant shot the victim in the back.

**8. Assault and Battery § 15.7— defense of third person—instruction not required**

   In a prosecution for assault with a deadly weapon with intent to kill, the trial court did not err in failing to instruct the jury on defense of a third person where the State's evidence tended to show that the victim was unarmed and had done nothing to cause the third person to believe that a felonious assault was about to be committed upon him by the victim, and defendant's evidence tended to show that he acted in defending himself from an assault by the victim.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 13 November 1980 in Superior Court, CRAVEN County. Heard in the Court of Appeals 1 September 1981.

Defendant was charged in a proper bill of indictment with assault with a deadly weapon with intent to kill. The jury found defendant guilty of assault with a deadly weapon inflicting serious injury. From a judgment entered thereon imposing a prison sentence of not less than six years nor more than seven years, defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General W. A. Raney, Jr., for the State.*

*Appellate Defender Adam Stein, for the defendant appellant.*

HEDRICK, Judge.

Based on his first and second assignments of error, defendant contends that the court erred in admitting into evidence over his objection a statement made by defendant while in custody of the sheriff's department. He argues that the *Miranda* warnings given by Officer Richard A. Motto prior to the statement were inade-

quate and that the court failed to conduct a *voir dire* to determine the voluntariness of the statement. We do not agree.

These assignments of error are based on Exceptions Nos. 1 and 2. Officer Motto gave the following testimony at trial with respect to his giving the *Miranda* warnings to defendant:

> I spoke with Gary Joyner on July 5, 1980, at approximately 1:38 A.M. at the Craven County Sheriff's Department. I do not know how Mr. Joyner got to the Craven County Sheriff's Department. I read Gary Joyner the Miranda warnings off of a card. He indicated that he knew and understood those rights. The card that I read to Gary Joyner stated, "Before you are asked any questions it is required that you be advised of your rights. You have the right to remain silent. Anything you say can or will be used against you in Court. You have the right to talk to a lawyer and have him present while you are being questioned. If you cannot afford a lawyer you have the right to request the Court to appoint one for you before you answer any questions. If you decide to answer questions now, without a lawyer, you may refuse to answer any particular question or stop answering at all any time you wish to do so, and having been advised of your rights, do you want to answer questions now before you talk to a lawyer?" Gary Joyner said that he would talk to me and did not want an attorney present at that time. I asked him if he understood each of the rights I explained to him and he answered "Yes," . . .

When the district attorney then asked Officer Motto what conversation he had with defendant, counsel for defendant made a general objection, which was overruled by the trial judge, forming the basis for Exception No. 1. Officer Motto thereafter testified that defendant gave an oral statement in which he said that he had hit someone who pulled a knife on him, but that he did not have a gun and did not shoot anyone. Following such testimony, defendant moved to strike that testimony, and the court's denial of that motion constitutes the basis for Exception No. 2.

In *State v. Satterfield*, 300 N.C. 621, 268 S.E. 2d 510 (1980), our Supreme Court held that a general objection to testimony whose admissibility could be challenged pursuant to a ground

specified in G.S. § 15A-974 could properly be overruled by the trial judge. The Court indicated that a motion to suppress in accordance with G.S. § 15A-971 *et seq.* was the proper procedure to challenge the admission. The Court further indicated that a general objection to the introduction of the testimony at trial, assuming a motion to suppress under G.S. § 15A-971 *et seq.* could properly be made at that time, could be overruled by the trial judge since G.S. § 15A-977 requires that a motion to suppress allege a legal or factual basis for the suppression or else the trial judge may summarily deny it.

[1] In the present case, defendant's general objection obviously sought to exclude the proffered testimony of Officer Motto on the ground that defendant's oral statement was taken in violation of his Fifth and Sixth Amendment rights. Defendant apparently had no prior notice of the State's intention to introduce the statement, so he was entitled to make a motion to suppress at trial. *See* G.S. § 15A-975. Evidence for which exclusion is required by either the United States or the North Carolina Constitutions is a specified ground for a motion to suppress under G.S. § 15A-974(1), and thus under *State v. Satterfield, supra,* defendant's general objection could be properly overruled by the trial judge. It follows, then, that the court did not err in overruling the objection and, as a consequence, in denying defendants motion to strike.

[2, 3] Assuming arguendo that defendant's general objection was sufficient to challenge the admission of the testimony, the prior testimony of Officer Motto as set out above clearly demonstrates to us that the *Miranda* warnings given by the officer to defendant were in all respects complete and adequate. Moreover, since defendant's statement was not in the nature of a confession or an acknowledgment of guilt of any element of the charge against him, the court was not required to conduct a *voir dire* in order to determine its admissibility. *State v. Jones,* 294 N.C. 642, 243 S.E. 2d 118 (1978). These assignments of error are without merit.

[4] Defendant by his fourth, fifth, and sixth assignments of error contends that he is entitled to a new trial because of improper cross-examination by the State of defense witnesses Jessie Jones and wife Mary Jones as to Jessie Jones's prior arrests for assaulting his wife. Defendant argues that the State "violated

State v. Joyner

several well-established North Carolina evidentiary rules" in eliciting such testimony. We disagree.

These assignments of error are based on Exceptions Nos. 3 and 4. Exception No. 3 relates to the testimony of Jessie Jones and is set out in the record as follows:

Q. How many times has your wife had you arrested for assaulting her?

A. I believe it was twice.

Exception No. 4 relates to the testimony of Mary Jones and is set out in the record as follows:

Q. What time did you have your husband arrested for assaulting you?

MR. MILLS: OBJECTION.

COURT: OVERRULED.

DEFENDANT'S EXCEPTION NO. 4.

A. I guess a couple of times. We are just like any other married couples [sic]. We have our ups and downs, . . .

The record indicates that defendant made no objection at the time the question upon which Exception No. 3 is based was put to Jessie Jones, and the objection upon which Exception No. 4 is based was to essentially the same question later put to Mary Jones. By failing to object at the time the question was asked Jessie Jones, defendant waived his right to do so, and the admission of such evidence, even if incompetent, would not entitle him to a new trial. *State v. Shrader*, 290 N.C. 253, 225 S.E. 2d 522 (1976). Since the admission of evidence without objection waives prior or subsequent objection to the admission of evidence of a similar character, *State v. Campbell*, 296 N.C. 394, 250 S.E. 2d 228 (1979), the trial judge could properly overrule defendant's objection when a similar question was later asked of Mary Jones. We note that the trial judge did sustain defendant's objection to further questioning on this point. Defendant has shown no prejudice in the admission of the testimony challenged by these exceptions, and these assignments of error are without merit.

[5] By his seventh assignment of error, defendant contends that the court erred in its summary of the evidence to the jury by

stating that defendant offered evidence tending to show he had not shot anyone, when in fact defendant did not offer any such evidence. He argues that the misstatement was of such material fact that it was prejudicial to him. We do not agree. The general rule is that where the trial judge misstates the evidence or the source of the evidence in the charge to the jury, such inaccuracy must be called to the attention of the trial judge before the jury retires, or else any objection thereto is deemed waived and will not be considered on appeal; if, however, the misstatement is of a material fact not shown in evidence, it is not required that the error be called on the judge's attention before the jury retires. *State v. Butcher*, 13 N.C. App. 97, 185 S.E. 2d 11 (1971). In the present case, defendant did not object to the misstatement before the jury retired. The misstatement is not, as defendant contends, one of a material fact. Under the circumstances of this case, such an inaccuracy would not have affected the outcome of the trial. Defendant's objection to the misstatement, therefore, is deemed waived, *State v. Butcher, supra*, and this assignment of error is without merit.

[6] Defendant's ninth assignment of error relates to the court's instructions on self-defense. In its instructions, the court instructed the jury that in determining whether defendant acted in self-defense it should consider whether defendant had a weapon in his possession. Defendant argues that the court should have referred to "the victim" instead of defendant, and that such a misstatement constitutes prejudicial error. We disagree. While we recognize that the court should have inserted "the victim" in place of defendant's name in the challenged instruction, we find such error to be nonprejudicial. Based on the evidence presented, and the remaining portions of the charge, we are convinced that the jury could not have been misled by this *lapaus linguae*, and a different result would not have been reached by them. This assignment of error is meritless.

[7] Defendant's tenth assignment of error also relates to the court's instructions on self-defense. Defendant contends the court erred in instructing that self-defense is an excuse only if defendant himself was not the aggressor. He argues that such an instruction was not warranted by the evidence, since no evidence was presented that defendant was the aggressor. We disagree.

In the present case, the State's evidence tends to show that an argument had ensued between the victim, Fred Gathercole, and Jessie Jones, after Jones had intervened in a dispute between Gathercole and one Karen Stilley. Defendant then stepped between Gathercole and Jones, and Jones picked up a beer bottle. Defendant then unwrapped a pistol from a napkin, and Gathercole told defendant to put up the gun, to which defendant replied, "If you hit Jessie,. I am going to shoot you." Gathercole again told defendant to put up the gun, and. as he turned around, Jones hit Gathercole with a beer bottle, and then defendant shot Gathercole in the back.

Defendant's evidence, on the other hand, tended to show that defendant tried to break up the argument between Jones and Gathercole, as he was attempting to persuade Jones to leave because Gathercole was "going to hurt" them. Gathercole then started verbally and physically abusing defendant. Gathercole then attacked defendant and in the ensuing struggle defendant drew a gun from his pocket and shot Gathercole.

Therefore, the State's evidence tends to show that defendant was the aggressor as between him and Gathercole, while defendant's evidence tends to show that he acted in self-defense. Based on the evidence presented, the trial judge was obligated to instruct on self-defense but because the State's evidence tended to show that defendant was the aggressor, he properly instructed further that self-defense would be an excuse only if defendant was *not* the aggressor. This assignment of error is without merit.

[8] Defendant finally contends, based on his twelfth and thirteenth assignments of error, that the court erred in not instructing that defendant acted in defense of a third person, and particularly in failing to instruct further in the instruction challenged by his tenth assignment of error that one is not an aggressor if he voluntarily enters the fight in defense of a third person. Defendant argues that the evidence presented requires such instructions. We disagree. A person has the right to go to the defense of another if he has a well-grounded belief that a felonious assault is about to be committed upon such other person. *State v. Fields*, 268 N.C. 456, 150 S.E. 2d 852 (1966); *State v. Graves*, 18 N.C. App. 177, 196 S.E. 2d 582 (1973). In the present case, the State's evidence tends to show that Gathercole, the vic-

tim, was unarmed and that Gathercole had done nothing to cause Jones to believe that a felonious assault was about to be committed upon him by Gathercole. In fact, the State's evidence tends to show just the opposite; Jones was getting ready to, and did, hit the victim with a beer bottle. Defendant's evidence tends to show that defendant acted in *self*-defense as to an assault by Gathercole. We are of the view that the court properly did not instruct that defendant was acting in defense of another person, and these assignments of error are without merit.

We hold defendant had a fair trial free from prejudicial error.

No error.

Judges HILL and WHICHARD concur.