**W. H. HARRIS and wife, SUSAN A. *v.* WILLIAM CARSTARPHEN.**

When a guardian has a settlement with his ward, shortly after the ward's maturity, in the absence of her advisers and friends, the law, founded in public policy, presumes fraud, and throws the burden of rebutting that presumption upon the guardian.

(*Williams* v. *Powell,* 1 Ired. Eq. 460; *Lee* v. *Pearce,* 68 N. C. Rep. 76, cited and approved.)

ORIGINAL BILL, under the old practice, transfered to the Superior Court of NORTHAMPTON county, and heard by his Honor, *Cloud, J.,* at January (Special) Term, 1873.

The plaintiff at Spring Term, 1867, filed in the Court of Equity of Northampton county, their bill against the defendant, who had been guardian of the *feme* plaintiff, praying

for an account and settlement under an order of the Court, &c.

It was charged in the bill that there was a large amount due the *feme* plaintiff; that on the 1st of October, 1865, the defendant, as guardian, settled with her, his ward, and transfered to her many claims which were at the time insolvent, and which had been obtained by defendant in some other manner than as guardian. That at the time of such settlement, the *feme* plaintiff, then *sole*, had just attained the age of twenty-one; and that she had been a ward of defendant, who had before married her mother, and was easily imposed upon and deceived by a person standing in such a fiduciary relation, and that she was deceived and imposed upon in the premises by the defendant, the said guardian and step-father; and that she was induced to sign a receipt in full of a settlement which is false, fraudulent, deceptive and incorrect.

It is further alleged in the bill that the defendant justly owed the plaintiffs some $8,000, whereas he paid over all in credits, many of them insolvent, only $4,865. That soon after the said pretented settlement, she intermarried with the plaintiff, Harris, which marriage was posponed by her guardian until after her arrival at twenty-one years of age, for the purpose of obtaining the receipt before alluded to from her.

At Fall Term, 1867, the defendant filed his answer to the said bill, in which was denied the material allegations therein contained, and alleging that he had administered his ward's estate with honest care and fidelity; especially denying that the receipt given by her was obtained by undue and fraudulent means, or that any unfair and improper influence was exerted to obtain it.

At Spring Term, 1861, it was referred to the clerk to state an account of all the property and estate of every kind that came into the hands of the defendant as guardian of the

*feme* plaintiff, together with all the money, rents, hires of negroes, interest and profits of all sorts, and also an account of the defendant's disbursements and expenditures as said guardian during the whole term of the guardianship.

At Spring Term, 1872, the defendant filed a petition in the cause, praying that the order of reference should be reheard, and be annulled and vacated.

The clerk to whom it was referred to state the account at Fall Term, 1872, made a report, to which both plaintiffs and defendants excepted. The exceptions at the present stage of the case are immaterial, as the decission of this Court is upon another and an entirely distinct point.

Upon the hearing at the January (Special) Term, 1873, the Court adjudged and decreed that the release set up by the defendant be set aside, and the account re-opened. From this judgment, the defendant appealed.

*Smith & Strong,* for appellant.
*Barnes,* and *Peebles & Peebles,* contra.

SETTLE, J. The defendant occupied the double confidential relation to the *feme* plaintiff of guardian and father-in-law, having married her mother.

On the eighth day after the ward's arrival at the age of twenty-one, he procured from her a receipt in full settlement of his guardian accounts.

She now alleges that the defendant, taking advantage of her ignorance and confidence, has greatly imposed upon her, and demands an account of his guardianship.

He sets up his receipt, or rather release in bar of all right of action. When a guardian has a settlement with his ward, shortly after the wards maturity, in the absence of her advisers and friends, the law, founded in public policy, presumes fraud, and throws the burden of rebutting that presumption upon the guardian.

The policy is " to prevent fraud, and not merely to redress it." Here the ward was invited to a settlement by the guardian, very soon after her maturity, and it was made in the presence of a single person to whom the ward was introduced for the first time when she entered the room to make the settlement.

. We have no hesitation in putting this release out of the way, and giving the ward an opportunity to surcharge and falsify the accounts of the guardian ; on the other hand, if the defendant has acted with the good faith and prudence demanded of a guardian, he will also have an opportunity of establishing it before the tribunals of the country. *Williams* v. *Powell,* 1 Ired. Eq. 460 ; *Lee* v. *Pearce,* 68 N. C. Rep. 76.

Let it be certified that there is no error.

PER CURIAM.                                    Judgment affirmed.