Issue of devisavit vel non, raised by a caveat to the will of W. R. Stallcup.
The following excerpt from the charge constitutes one of propounder's exceptive assignments of error:
"The court further instructs you if you find from the evidence and by its greater weight that W. R. Stallcup at the time he executed the paper-writing had sufficient mental capacity to understand the nature and character of the property disposed of, who were the objects of his bounty and how he was disposing of the property among the objects of his bounty, then he was capable of making a valid disposition of his property by will, and you would answer the issue, Yes. But, if you find at the time he executed the paper-writing, he didn't know what he was doing and didn't understand what property he had and didn't know and understand the nature and effect of his acts, and if you find the facts so to be by the greater weight of the evidence, then you will find he didn't have sufficient mental capacity to make a will and you would answer the issue, No."
The jury returned the following verdict:
"Is the paper-writing offered by the propounder, and every part thereof, the last will and testament of W. R. Stallcup? Answer: No."
From a judgment on the verdict declaring the paper-writing null and void, the propounder appeals, assigning errors.
There is error in the instruction, duly excepted to, which places the burden of proof simultaneously on propounder and caveators. Boone v.Collins, post 12. The burden of proving the affirmative of a single issue cannot rest on both parties at the same time. Speas v. Bank, 188 N.C. 524,125 S.E. 398.
Nor can the instruction be upheld under what was said in In re Rawlings'Will, 170 N.C. 58, 86 S.E. 794, for there, the execution of the will, the burden of which was on the propounder, and the alleged mental incapacity of the testator, the burden of which was on the caveators, were submitted under separate issues. The wisdom of dividing the issues when alleged undue influence and mental incapacity are set up as grounds for the caveat, rather than try the whole matter on the one issue of devisavit velnon. was pointed out in that case and is illustrated by this one. See, also, In re Will of Brown, 200 N.C. 440.
New trial. *Page 8