STATE v. LeROY CAMERON.

(Filed 13 October, 1943.)

**1. Larceny § 7—**

In a prosecution for larceny, where the State's evidence showed that defendant and a companion entered the filling station of prosecutor who, after making change for defendant, laid his pocketbook, containing about ninety dollars, on the counter and went out with the companion to service his car, leaving defendant who followed shortly and drove off with his companion, when prosecutor missed his pocketbook and reported to the sheriff, who arrested defendant next day, finding on his person eighty-six dollars in bills, three of which were identified as having been in the pocketbook when it disappeared, motion for nonsuit and prayers for peremptory instructions in favor of defendant were properly refused.

**2. Trial §§ 29a, 32: Criminal Law §§ 53a, 53f—**

The court is not required to charge on a subordinate feature of the case in the absence of a request therefor at the proper time.

**3. Trial § 33: Criminal Law § 53g—**

On a criminal prosecution, objections to the court's statement of the contentions of the State and the defendant, in its charge to the jury, will not be sustained, where no unfairness appears therein and the contentions as stated were predicated on reasonable deductions from the evidence.

**4. Same—**

While the judge was stating the contentions of the parties in a criminal case, objection was made by defendant that a certain witness did not testify as stated by the court and the court at once instructed the jury that they were to be governed by their own recollection of what the witness said, there is no reversible error.

APPEAL by defendant from *Harris, J.,* at March Term, 1943, of LEE. No error.

The defendant was charged with the larceny of a sum of money, the property of the State's witness Howard. There was verdict of guilty, and, from judgment imposing sentence, defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*K. R. Hoyle for defendant.*

DEVIN, J.  Defendant's motion for judgment of nonsuit was properly denied.  There was evidence, considered in the light most favorable for the State, tending to show that on the evening in question defendant in company with one Clegg came into the store and filling station of witness Howard, and that the defendant Cameron purchased a package of cigarettes, offering in payment a ten dollar bill saying that was the only money he had.  The witness Howard in making change took out his pocketbook containing approximately ninety dollars in paper money and laid it on the counter behind the scales.  At this juncture Clegg called for four gallons of gasoline, and Howard and Clegg went out of the store room to the front to service Clegg's automobile, leaving defendant Cameron alone in the store.  Defendant shortly afterwards followed Clegg out of the store, and he and Clegg left in the latter's car.  A few minutes later Howard discovered that his pocketbook and money were gone, and notified the sheriff.  The defendant Cameron was arrested next day and on his person was found a billfold containing eighty-six dollars in paper money.  Of this, witness Howard identified three bills as his and as having been in his pocketbook when taken—one a $20 bill, identified by a brown spot on the end; a $5 bill, identified by a pencil mark around the figure "5"; and a $1 bill identified by having been torn in two and pasted back together.  Clegg, testifying as to what took place at the store, corroborated Howard in the main, but testified defendant came out of the store behind him.

Defendant did not become a witness, but offered his mother, who testified that the day before he was arrested she had given the defendant $61 in money to pay for repairs to an automobile.  We think the evidence

offered by the State was sufficient to carry the case to the jury and to support the verdict. *S. v. McKinnon, ante,* 160. Defendant's prayers for peremptory instructions in his favor were properly refused.

The defendant excepted to certain testimony which was admitted over his objection, but upon examination of the record we find no error in the rulings of the court thereon. Defendant also noted several exceptions to the court's instructions to the jury, but all of those were pointed to those portions of the charge in which the contentions of the State and the defendant were being arrayed. No objection was made at the time. *S. v. Reddick,* 222 N. C., 520. No unfairness appears in the manner in which the contentions were stated, nor do we find any contention stated which was not predicated on a reasonable deduction from the testimony. It was urged upon us, also, that there was error in the court's reference to the State's contention that the evidence of defendant's mother should not be accepted because unreasonable and prompted by the natural desire to help her son, without at the same time stating the proper rule of law as to the consideration to be given the testimony of interested witnesses. *S. v. Rhinehart,* 209 N. C., 150, 183 S. E., 388. However, this was a subordinate feature of the case and there was no request that the court charge thereon. *S. v. Merrick,* 171 N. C., 788, 88 S. E., 501; *Bank v. Yelverton,* 185 N. C., 314 (320), 117 S. E., 299; *School District v. Alamance County,* 211 N. C., 213 (226), 189 S. E., 878; *S. v. Kiziah,* 217 N. C., 399 (407), 8 S. E. (2d), 474. The defendant's contention that his mother's testimony was reasonable and credible was stated by the court in the same connection with the contrary contention of the State. We are unable to discover any prejudicial error in this respect of which the defendant can justly complain.

The defendant also assigns error in that in the court's charge relative to the identification of the money it was stated that the State contended the witness Howard had described the three bills before they were shown him by the sheriff. On objection at the time by defendant's counsel that neither Howard nor the sheriff had so testified, the court properly instructed the jury that they were to be governed by their own recollection of what the witnesses had said. Exception on this ground cannot be sustained.

The case presented an issue of fact which the jury resolved against the defendant. We find nothing in the record of the trial which would justify setting aside the verdict and judgment.

No error.