In re Will of ATKINSON
and
TRICINDA HENRY ET AL. v. RICHARD S. ATKINSON ET AL.

(Filed 31 October, 1945.)

1. **Trial § 11—**

 Where error is assigned on the ground of improper consolidation, injury or prejudice arising therefrom must be shown to sustain the exception.

2. **Same—**

 A civil action to set aside a deed and issue of *devisavit vel non* may be consolidated for trial and heard together, both being predicated on the same alleged mental incapacity and undue influence, where the allegations of undue influence are broader in one case than in the other and some of the matters transpiring between the execution of the two instruments may not be competent to show undue influence in the procurement of the deed, the record showing no disadvantage to appellants by consolidation.

3. **Trial § 30—**

 Where the court in its charge submits to the jury for their consideration facts material to the issue, which were no part of the evidence offered, there is prejudicial error.

**4. Wills § 22: Deeds § 24—**

In a proceeding to caveat a will, the caveators are required to handle the laboring oar on the issue of undue influence, just as the plaintiffs, in an action to annul a deed on the ground of fraud or undue influence, are required to carry the same burden of proof.

**5. Fiduciaries § 2: Fraud § 11: Wills § 23c: Deeds § 2c—**

In certain fiduciary relations, if there be dealings between the parties, on complaint of the party in the power of the other, the relation, of itself and without more, raises a presumption of fraud or undue influence as a matter of law, and annuls the transaction unless such presumption be rebutted by proof that no fraud was practiced and no undue influence was exerted.

**6. Evidence § 6—**

It is sufficient to rebut a presumption by evidence of equal weight rather than by a preponderance of the evidence, where the burden of the issue is on the opposite party.

**7. Evidence § 6—**

Strictly speaking, the burden of the issue, as distinguished from the duty to go forward with the evidence, does not shift from one side to the other, for the burden of proof continues to rest upon the party who alleges facts necessary to enable him to prevail in the cause. It is required of him who thus asserts such facts to establish them before he can become entitled to a verdict; and he constantly has the burden of the issue as to these matters, whatever may be the intervening effect of different kinds of evidence or of evidence possessing varying degrees of probative force.

**8. Landlord and Tenant § 1—**

A landlord is not ordinarily deemed to be in the power of his tenant, and the mere fact of that relationship is insufficient to raise a presumption of fraud or undue influence against the latter in his dealings with the former.

APPEAL by defendants and respondents from *Thompson, J.,* at April-May Term, 1945, of JOHNSTON.

Civil action to set aside deed, and issue of *devisavit vel non,* consolidated for trial and heard together, as both are predicated on the same alleged mental incapacity and undue influence.

The following record facts will suffice to present the exceptions:

On 4 May, 1938, A. B. Atkinson and wife, Sarah Hales Atkinson, leased all their lands in Beulah Township, Johnston County, to their son, Richard S. Atkinson, "for and during the term of the joint lives of the parties of the first part."

On the following day, 5 May, 1938, A. B. Atkinson gave his son, Richard S. Atkinson, power of attorney to represent him in the operation of his farm in Beulah Township, Johnston County, "during the year 1938." The son testifies: "I never exercised any rights under it at all."

On 31 May, 1939, A. B. Atkinson and wife executed deed to their son, Richard S. Atkinson, for two tracts of land in Beulah Township, Johnston County, consisting of 224 acres, including their home place, reserving, however, the right to occupy the home place during the life of both or either of them. Sarah Hales Atkinson died in August, 1940.

On 18 November, 1941, A. B. Atkinson gave his son, Zeb Atkinson, power of attorney to transact all his business and to act in his stead in respect of all his properties for a period of ten years, and reciting that it was a continuation of "a previous power of attorney." Shortly thereafter, on 24 December, 1941, this power of attorney was revoked, and A. B. Atkinson went to live with his son, Richard S. Atkinson. He was then 86 years old, quite feeble and practically blind.

On 5 January, 1942, A. B. Atkinson made and executed his last will and testament. He died 13 February, 1944.

On 15 July, 1944, some of the children and grandchildren of A. B. Atkinson brought suit herein against Richard S. Atkinson and his wife to set aside the deed of 31 May, 1939, for mental incapacity on the part of the grantor and undue influence on the part of Richard S. Atkinson.

On 1 August, 1944, the same parties who instituted action attacking the deed, filed a caveat to the will of A. B. Atkinson, alleging its procurement by undue influence on the part of Richard S. Atkinson, his wife, and others.

The jury found that A. B. Atkinson had sufficient mental capacity to execute the deed and will in question, but that both were procured by the undue influence of R. S. Atkinson.

From judgment for the plaintiffs in the deed case and for caveators in the proceeding to caveat the will, the defendants and respondents appeal, assigning errors.

*Lyon & Lyon and Hooks & Mitchiner for caveators and plaintiffs, appellees.*

*Wellons, Martin & Wellons and Paul D. Grady for respondents and defendants, appellants.*

STACY, C. J. The defendants in the deed case and the propounders in the issue of *devisavit vel non* present as their first exception the consolidation of the two proceedings for trial. They duly objected to the consolidation at the time and assign this as error.

While the allegation of undue influence is broader in the caveat than it is in the deed case, and some of the matters transpiring between the execution of the two instruments may not have been competent as tending to show undue influence in the procurement of the deed, still it is not apparent from the record that the appellants were disadvantaged by the

consolidation. *Fleming v. Holleman,* 190 N. C., 449, 130 S. E., 171; *Insurance Co. v. R. R.,* 179 N. C., 255, 102 S. E., 417; *Hartman v. Spiers,* 87 N. C., 28. Where error is assigned on the ground of improper consolidation, injury or prejudice arising therefrom must be shown to sustain the exception. McIntosh on Procedure, 536.

The assignments of error upon which the appellants chiefly rely are those directed to portions of the charge, especially with reference to the burden of proof.

It was stated by the court in giving the contentions of the plaintiffs and caveators, that the evidence tends to show "a power of attorney affecting his farm had been procured by R. S. Atkinson and that another power of attorney later on in 1941 was procured by R. S. Atkinson, with the same end in view." And further: "I don't recall now whether another power of attorney was executed by A. B. Atkinson to R. S. Atkinson prior to January 5, 1942, but my recollection is that he did execute such a paper writing, that is power of attorney, some time prior to January 5, 1942, and after December, 1941, or during the latter part of December, 1941. Now if you find that on January 5, 1942, R. S. Atkinson was the holder of a power of attorney from A. B. Atkinson, then, gentlemen of the jury, the burden . . . with respect to the third issue (the one addressed to undue influence) rests upon the propounders of the will, for the reason, that . . . the relation of principal and agent would be created by that power of attorney, and . . . the burden would rest upon R. S. Atkinson to show that no undue influence had been exerted by him on his father." Then later in reference of the deed: "If at the time of the execution of this deed, that is on May 31, 1939, there was a power of attorney from A. B. Atkinson to R. S. Atkinson, and that has been shown to you by the greater weight of the evidence, the burden being upon the ones attacking the deed to show that, then, gentlemen of the jury, as in the case of the will, the relationship of principal and agent would exist between A. B. Atkinson and R. S. Atkinson, and the burden would be upon R. S. Atkinson to satisfy you from the evidence by its greater weight that the deed was not executed by reason of any undue influence on his part."

There are no facts on the record to support these instructions. The only power of attorney which A. B. Atkinson gave to his son Richard was the limited one authorizing him to manage his farm in Beulah Township during the year 1938, and Richard says he "never exercised any rights under it at all." The authority granted in this instrument expired by its own terms prior to the execution of the deed 31 May, 1939. Hence, there was no power of attorney existing between A. B. Atkinson and his son Richard at the time of the execution of the deed or at the time of the execution of the will. These instructions were mis-

leading in respect of the burden of proof, since they were inapplicable to the facts of the case. *S. v. Isaac, ante,* 310; *S. v. Anderson,* 222 N. C., 148, 22 S. E. (2d), 271; *S. v. Lee,* 193 N. C., 321, 136 S. E., 877. *Cf. S. v. Cameron,* 223 N. C., 464, 27 S. E. (2d), 84. They undoubtedly weighed heavily against the appellants as the burden of proof is a substantial right of the party upon whose adversary it rests. *Vance v. Guy,* 224 N. C., 607; *Hosiery Co. v. Express Co.,* 184 N. C., 478, 114 S. E., 823. "Where the court in its charge submits to the jury for their consideration facts material to the issue, which were no part of the evidence offered, there is prejudicial error." Fourth Headnote, *Curlee v. Scales,* 223 N. C., 788, 28 S. E. (2d), 576.

In a proceeding to caveat a will, the caveators are required to handle the laboring oar on the issue of undue influence, just as the plaintiffs in an action to annul a deed on the ground of fraud or undue influence are required to carry the same burden of proof. *In re Will of Stallcup,* 202 N. C., 6, 161 S. E., 544; *In re Rawling's Will,* 170 N. C., 58, 86 S. E., 794, Ann. Cas. 1918 A, 948. True, in certain fiduciary relations, if there be dealings between the parties, on complaint of the party in the power of the other, the relation of itself, and without more, raises a presumption of fraud or undue influence, as a matter of law, and annuls the transaction unless such presumption be rebutted by proof that no fraud was practiced and no undue influence was exerted. *McNeill v. McNeill,* 223 N. C., 178, 25 S. E. (2d), 615. There are no facts on the present record, however, to call this principle into play. The trial court evidently confused Richard S. Atkinson with his brother Zeb to whom a general power of attorney was given by A. B. Atkinson in November, 1941, reciting that it was a continuation of a previous power of attorney, and this was revoked in December, 1941.

Moreover, the defendants in the deed case were required to rebut this supposed presumption of undue influence by the "greater weight of the evidence." It is sufficient to rebut a presumption by evidence of equal weight rather than by a preponderance of the evidence, where the burden of the issue is on the opposite party. *Speas v. Bank,* 188 N. C., 524, 125 S. E., 398. Likewise, in the caveat proceeding the "burden" was shifted to the propounders on the issue of undue influence, upon the initial finding that "R. S. Atkinson was the holder of a power of attorney from A. B. Atkinson." Strictly speaking, the burden of the issue, as distinguished from the duty to go forward with evidence, does not shift from one side to the other, for the burden of proof continues to rest upon the party who alleges facts necessary to enable him to prevail in the cause. It is required of him who thus asserts such facts to establish them before he can become entitled to a verdict in his favor; and, as to these matters, he constantly has the burden of the issue, whatever may be the

intervening effect of different kinds of evidence or of evidence possessing under the law varying degrees of probative force. *Speas v. Bank, supra.*

In support of the charge, the appellees say the lease for the joint lives of A. B. Atkinson and his wife, executed on 4 May, 1938, was equivalent to a continuing power of attorney and cast upon the lessee, Richard S. Atkinson, the necessity of rebutting the presumption arising therefrom. No authority is cited for the position that a landlord is deemed to be in the power of his tenant, and the facts of the instant record fail to disclose such a fiduciary relationship between Richard S. Atkinson and his father as to raise a presumption of fraud or undue influence against the former in his dealings with the latter. *Gerringer v. Gerringer,* 223 N. C., 818, 28 S. E. (2d), 501; *In re Craven,* 169 N. C., 561, 86 S. E., 587. The above instructions, therefore, must be held for error.

New trial.