PIEDMONT SUPPLY COMPANY, INC., v. FRED ROZZELL, NOLEN ROZ-
ZELL AND BERLEY H. CROUCH, DOING BUSINESS UNDER THE TRADE
NAME OF CATAWBA PUMP COMPANY.

(Filed 21 May, 1952.)

1. **Partnership § 6b—**

Where there is evidence that a firm of the same name did business in
two separate cities and that defendant partner appeared to be interested
in the business at both places, his motion to nonsuit in an action on an
account due by the firm at either place is properly denied.

2. **Same—**

Where defendant partner alleges and offers evidence that there were two
separate firms doing business in separate cities and that he was a partner
in only one of them, it is reversible error for the court to charge that he
admitted partnership in the firm and that the same concern was doing
business in both cities.

3. **Appeal and Error § 6c (6)—**

While ordinarily a misstatement of a fact in evidence must be called to
the trial court's attention in apt time, where the misstatement is of mate-
rial fact not shown in evidence it constitutes reversible error.

APPEAL by defendant Berley H. Crouch from *Phillips, J.,* and a jury,
September 1951 Term, CATAWBA.

Civil action to recover upon two accounts.

The plaintiff brought this action against the defendants, Fred Rozzell,
Nolen Rozzell and Berley H. Crouch, alleging that said defendants were
partners trading as Catawba Pump Company. To the complaint was
attached two accounts marked exhibit "A," one in the name of Catawba
Pump Company, Hickory, N. C., which showed a balance due of
$2,100.56, and the other in the name of Catawba Pump Company, New-
ton, N. C., which showed a balance due of $405.84. The plaintiff sought
to recover of all the defendants the balance due upon both of said ac-
counts. Only the defendant Berley H. Crouch filed an answer. His
further answer and defense admits, "That there have been, for more than
a year, two firms engaged in the plumbing business in Catawba County
known as 'Catawba Pump Company,' one being situated in the city of
Newton and one being situated in the city of Hickory; that the two said
firms are in every way completely separate from each other, have different
owners, are and always have been operated separately, and are in nowise
connected with each other." Appellant in his further answer and defense
also concedes "that he is a partner in the firm of Catawba Pump Com-
pany of Newton, and that this said firm does owe the plaintiff some
money, . . ." He denies all other material allegations of the complaint.

As the first item of evidence, the plaintiff offered as an admission from
appellant's answer the following: "That there have been, for more than

a year, two firms engaged in business in Catawba County, known as 'Catawba Pump Company,' one in Hickory, one in Newton;" and "That the defendant admits that he is a partner in the Catawba Pump Company of Newton, and that this said firm does owe to the plaintiff some money."

Plaintiff offered other evidence tending to establish the relationship of appellant as a partner in the Catawba Pump Company and that the partnership did business both in Newton and in Hickory. Plaintiff concluded its evidence with the introduction of an itemized statement showing a balance of $2,100.56 on the account charged to Catawba Pump Company, Hickory, N. C., and a balance of $405.84 on the account charged to the Catawba Pump Company, Newton, N. C.

Appellant testified that he was not a partner in the firm known as Catawba Pump Company at Hickory. He asserted that his only connection with the Hickory firm was to work as a plumber on some jobs at $1.50 an hour, plus 10% of the profit after payment of material used on each job. He admitted in his testimony that he had purchased a one-fourth interest in the Newton Pump Company and in payment therefor executed his note for $800.00, but that he had nothing to do with the change of the name to Catawba Pump Company.

At the conclusion of the plaintiff's evidence and again at the conclusion of all the evidence, appellant demurred to the evidence and moved for judgment as of nonsuit. To the action of the court in overruling these motions, the defendant excepted.

Appellant excepts and assigns as error certain portions of the charge, among which are the following: "Now, the defendant Berley H. Crouch contends here that he withdrew from the partnership in October 1949. He says he was a member of the partnership in Newton under the same name, doing business in Newton, and that the same concern was doing business in Hickory, and that he withdrew from the partnership in October 1949." . . . "The court instructs you that if you believe the evidence offered by the plaintiff and the defendant on the first issue, and find the evidence to be true on the issue which is—Was the defendant Berley H. Crouch a member of the partnership and doing business as the Catawba Pump Company?—then the court instructs you that you will answer issue #1 yes." . . . "The defendant Berley H. Crouch admits that he bought a one-fourth interest and paid $800.00 for it and was a member of the firm. Whether the firm had one or more places of business is immaterial because the defendant had the right to show that he was a partner only in the Newton branch, only one-fourth interest in the Newton branch and only responsible for that amount, and then the public would have known if they had had notice that his was only a one-fourth interest in the Newton branch and had nothing to do with the Hickory branch, otherwise the public had the right to deal with them as one concern in two

branches, each being responsible for both places. If you believe the evidence in this case as testified to by the witnesses you will answer the first issue yes."

From an adverse verdict and judgment, the defendant Berley H. Crouch excepted and appealed, assigning errors.

*Willis & Geitner for plaintiff, appellee.*

*E. Murray Tate, Jr., and Theodore F. Cummings for defendant, appellant.*

VALENTINE, J.   The appellant assigns as errors, (1) the action of the trial judge in overruling his demurrer and denying his motion for judgment as of nonsuit; and (2) certain portions of the charge on the ground (a) that the trial judge included in his charge statements of fact neither admitted nor shown by the evidence, and (b) that the charge amounted to a peremptory instruction for the plaintiff on the first issue, although the evidence of plaintiff and defendant was in sharp conflict.

Under our decisions, there was sufficient evidence to repel the motion for judgment as in case of nonsuit and to require the submission of the case to the jury upon appropriate issues and a proper charge. *Graham v. Gas. Co.,* 231 N.C. 680, 58 S.E. 2d 757; *Donlop v. Snyder,* 234 N.C. 627; *Powell v. Lloyd,* 234 N.C. 481.

There is, however, reversible error in the charge. When his Honor in referring to appellant's testimony stated to the jury, "He says he was a member of the partnership in Newton under the same name, doing business in Newton, and that the same concern was doing business in Hickory," he was in error. Nowhere in the evidence does it appear that the appellant ever admitted that he was a partner in the Catawba Pump Company at Hickory. His evidence all tends to show that the two businesses were separate firms, that he was a partner owning a one-fourth interest in the Catawba Pump Company at Newton, but not a partner in the firm of the same name at Hickory. Indeed, the first item of plaintiff's evidence asserts that there were two partnerships by the same name, one located in Hickory and the other in Newton.

The applicable rule of law is, while an inaccurate statement of facts contained in the evidence should be called to the attention of the court in order that the error might be corrected, a statement of a material fact not shown in the evidence constitutes reversible error. *Steelman v. Benfield,* 228 N.C. 651, 46 S.E. 2d 829; *S. v. Wyont,* 218 N.C. 505, 11 S.E. 2d 473; *S. v. Love,* 187 N.C. 32, 121 S.E. 20; *Smith v. Hosiery Mill,* 212 N.C. 661, 194 S.E. 83; *Curlee v. Scales,* 223 N.C. 788, 28 S.E. 2d 576.

There was some evidence that the appellant was a partner in the Catawba Pump Company and that this firm did business both in Hickory

and in Newton, but this was denied by the appellant and upon such conflicting evidence a peremptory instruction in favor of the plaintiff was erroneous. *Boutten v. R. R.,* 128 N.C. 337, 38 S.E. 920; *R. R. v. Lumber Co.,* 185 N.C. 227, 117 S.E. 50; *Porter v. Construction Co.,* 195 N.C. 328, 142 S.E. 27; *Kearney v. Thomas,* 225 N.C. 156, 33 S.E. 2d 871; *Perry v. Trust Co.,* 226 N.C. 667, 40 S.E. 2d 116; *Morris v. Tate,* 230 N.C. 29, 51 S.E. 2d 892; *Stallings v. Insurance Co.,* 231 N.C. 732, 58 S.E. 2d 716.

For the errors pointed out, there must be a new trial, and it is so ordered.

New trial.