JOHN A. PENNY v. SEABOARD COAST LINE RAILROAD COMPANY

No. 7110SC169

(Filed 31 March 1971)

1. Railroads § 5— railroad crossing accident — failure of train to give timely warning — sufficiency of evidence

   In a truck passenger's action to recover for personal injuries sustained in a railroad crossing accident, the passenger's testimony that as the truck approached the crossing he looked to the left and right but did not see or hear the train until the truck was on the tracks, *held* sufficient to support a jury finding that the railroad was negligent in failing to give timely and reasonable warning of the train's approach.

2. Railroads § 5; Appeal and Error § 50— instructions in crossing accident case — assumption that crossing was obstructed — reversible error

   Trial court's instructions which assumed, in the absence of any supporting evidence in the record, that a railroad crossing was obstructed by an embankment, trees, and shrubbery, *held* reversible error.

3. Evidence § 3— judicial notice — width of railroad right-of-way

   The court cannot take judicial notice of the width of a railroad right-of-way.

APPEAL by defendant from *Clark, J.,* at the 2 October 1970 Regular Civil Session, WAKE Superior Court.

This cause arose as the result of a collision between a beer truck owned by a Raleigh wholesaler in which plaintiff was riding as a passenger, and a train owned and operated by defendant. The collision occurred at the grade crossing of the tracks of said railroad and Highway 2044 approximately three miles south of Wake Forest. The highway runs generally east-west and the track northeast-southwest.

Plaintiff's evidence pertinent to this appeal tended to show: At approximately 12:30 p.m. on 31 December 1968, plaintiff and his brother, Charles Penny (Charles), who was driving the beer truck, were traveling west on Highway 2044 looking for a store that they were to call on. Both men worked for the owner of the truck and Charles was a regular route salesman. Plaintiff was riding with Charles as a helper and to learn the route. A few minutes before the collision the truck crossed the crossing in question and proceeded on past it for some 200 yards. Charles, then re-

calling where the store was, turned the truck around and proceeded eastward back toward the track. The day was cold, rainy and hazy and there were no electric signals at the crossing. As the truck approached the track the heater and defroster were running, the windshield wipers were operating, and the falling rain made a light noise as it struck the metal roof of the cab. Charles testified that there were trees all around the crossing and there were embankments on both sides of the road; that there was an embankment to his right in the direction that the train came from (south); that there were bushes, weeds, and trees growing on the embankment. As the front wheels of the truck crossed the nearest rail plaintiff yelled "there he is" and at that time the driver heard the train whistle and saw the train a short distance from the truck. The train hit the truck behind the cab in which the men were riding. Charles testified that as he approached the track he was traveling about five m.p.h., that he looked to the right and left, and continued to look to the right and left, but saw no train and heard no signal until the truck was on the tracks. Plaintiff testified that as they approached the track, he looked to the left and right but did not see the train or hear it until the truck was on the track; that the glass in the right door of the truck was down approximately one inch.

Evidence for the defendant tended to show: The train involved in the collision was a freight train and consisted of 115 cars and 3 diesel engines. Engineer Davis testified that the grade running from the Neuse River (some distance south of the crossing) to Wake Forest was an upgrade which had the effect of making the engine pull harder and make more noise; that as the train approached the crossing, he gave the required road-crossing signal of two longs, one short and a long; that the headlight was on and could be seen for a distance of at least 1500 feet under the conditions that existed on that day. As the train approached the crossing it was going approximately 45 m.p.h and when Davis first saw the truck both it and the train were 45 feet from the crossing and going about the same speed. At that time Davis set the emergency brake and the train stopped about 30 car lengths past the point of impact.

Issues of negligence, contributory negligence and amount of damage were submitted to and answered by the jury in favor of plaintiff. At the proper time defendant made motions for

directed verdict and judgment n.o.v. which were denied. From judgment in favor of plaintiff, defendant appealed.

*McDaniel and Fogel by L. Bruce McDaniel for plaintiff appellee.*

*Maupin, Taylor & Ellis by William W. Taylor, Jr. for defendant appellant.*

BRITT, Judge.

[1]  In its first assignment of error, defendant contends that the trial court erred in refusing to grant defendant's motion for a directed verdict at the close of all the evidence and in refusing to grant defendant's motion for judgment notwithstanding the verdict or its alternative motion for a new trial for the reason that the evidence offered by plaintiff was not sufficient to be submitted to the jury on the question of defendant's negligence. Suffice to say, we think plaintiff's evidence of defendant's negligence when considered in the light most favorable to him was sufficient to be considered by the jury. *Brown v. R. R. Company,* and *Phillips v. R. R. Company,* 276 N.C. 398, 172 S.E. 2d 502 (1970). The assignment of error is overruled.

[2]  In its second assignment of error, defendant contends that the trial court erred in its jury instructions to the effect that there were obstructions on defendant's right-of-way south of the crossing. In summarizing plaintiff's testimony, the court said:

> "That there was an embankment on the right-of-way consisting of dirt and rock; and there was shrubbery about waist high on the top of the embankment; that there were woods along the side of the railroad track right-of-way; that these were average North Carolina woods or trees."

Again, in that part of the charge on the issue of contributory negligence of plaintiff, the court said:

> "The evidence in this case tends to show that the time of the collision was about noon or thereabouts; that there was a drizzling rain; that there was [*sic*] some obstructions along the right-of-way of the railroad track and the highway, such as an embankment along the track and trees and bushes along the track and highway at the southwest corner of the intersection."

**[2, 3]** A review of the record discloses no evidence that an embankment, trees, shrubbery or other obstruction was on defendant's right-of-way and this court cannot take judicial notice as to the width of the right-of-way.

In *Supply Co. v. Rozzell,* 235 N.C. 631, 70 S.E. 2d 677 (1952), our Supreme Court said: "The applicable rule of law is, while an inaccurate statement of facts contained in the evidence should be called to the attention of the court in order that the error might be corrected, a statement of a material fact not shown in the evidence constitutes reversible error. (Citations)" In the case of *In re Will of Atkinson,* 225 N.C. 526, 35 S.E. 2d 638 (1945), the court said: "When the court in its charge submits to the jury for their consideration facts material to the issue, which were no part of the evidence offered, there is prejudicial error."

In 5A C.J.S., Appeal and Error, § 1766, pp. 1228-29, it is said: "Ordinarily the assumption of a material fact where the evidence with regard to it is conflicting, or where it is unsupported by any evidence, will constitute ground for reversal. * * * An instruction is erroneous and requires reversal where it is likely to mislead the jury into believing that the court had heard and remembered testimony during the trial which they had forgotten."

We hold that the court's charge regarding obstructions on the right-of-way was erroneous and we cannot assume that the erroneous instructions did not influence the jury's decision on the first or second issue. It is true that on the issue of negligence plaintiff was relying primarily if not entirely on the failure of defendant to give reasonable and timely warning as its train approached the crossing; but we think the quoted portions of the charge had the tendency to bolster the plaintiff's contentions of negligence. In like manner, on the issue of contributory negligence, we think plaintiff's contentions on that issue were bolstered by the erroneous instructions. We are aware of the line of cases which hold that the duty of the engineer of a train approaching an obstructed highway crossing to give reasonable and timely warning of the approach of the train to the crossing is the same whether the obstructions were erected or allowed by the railroad or someone else. *Brown v. R. R. Company, supra; Cox v. Gallamore,* 267 N.C. 537, 148 S.E. 2d 616 (1966); *May v. Southern Ry. Company,* 259 N.C. 43, 129 S.E. 2d 624 (1963).

We do not hold that plaintiff's case is fatally defective because he failed to introduce evidence showing that the obstructions referred to in the charge were on the railroad right-of-way; we do hold that the challenged instructions, unsupported by any evidence, were erroneous and provided strength to plaintiff's case to the prejudice of defendant. The assignment of error is sustained, entitling defendant to a new trial.

We refrain from discussing the other assignments of error brought forward in defendant's brief as they might not arise upon a retrial of this case.

New trial.

Judges CAMPBELL and HEDRICK concur.