CHARLIE EDWARD TALBERT v. WILLIAM ELLIS HONEYCUTT

No. 7119SC564

(Filed 15 September 1971)

**Automobiles §§ 23, 90— defective brakes — conflicting instructions**

In this action resulting from a rear-end collision wherein defendant contended that his brakes suddenly failed without warning, the trial court committed prejudicial error in instructing the jury that it should answer negatively the issue of defendant's negligence if it found that defendant acted with diligence in seeing that his brakes met statutory requirements *and* that he failed to find a latent defect not reasonably discoverable upon proper inspection which caused him to lose control.

APPEAL by plaintiffs from *Collier, Judge,* at the 1 February 1971 Session, CABARRUS Superior Court.

In this action plaintiff seeks to recover for personal injuries allegedly caused when the rear of the automobile he was driving was violently run into by a vehicle owned and operated by defendant. In his complaint plaintiff alleged that defendant was operating his vehicle at a speed which was greater than was reasonable and prudent under existing conditions, that he failed to decrease his speed so as to avoid colliding with plaintiff, that he operated his vehicle on the highway without adequate brakes, that he failed to maintain a proper lookout, and failed to keep his vehicle under proper control.

The evidence showed that the collision occurred while plaintiff was stopped at a street intersection in obedience to a traffic signal. Defendant offered evidence tending to show that without any warning, the brakes on his vehicle failed and that the collision was an unavoidable accident.

Issues of negligence and amount of damage were submitted to the jury who answered the negligence issue in the negative. From judgment denying plaintiff any recovery, he appealed.

*Williams, Willeford & Boger by John Hugh Williams for plaintiff appellant.*

*Hartsell, Hartsell & Mills by K. Michael Koontz for defendant appellee.*

Talbert v. Honeycutt

BRITT, Judge.

The parties stipulated that due to failure of the court reporter to timely prepare a transcript of the trial proceedings, they were able with the assistance of notes of counsel and other memoranda to make up an acceptable record on appeal. This action on the part of counsel is commendable.

As to the trial court's charge to the jury, except for the instructions hereinafter set forth, the parties stipulated that the court rendered proper instructions. The record reveals that immediately after the jury returned its verdict, at the request of plaintiff's counsel, the court reporter transcribed the instructions hereinafter set forth and plaintiff moved for a new trial because of them. The motion was denied. The challenged instructions, to which plaintiff's sole assignment of error relates, are as follows:

"Now, if you find in this case from the evidence and by its greater weight, that on this occasion of July 20, 1968, on Church Street, North, in Concord, the defendant, William Ellis Honeycutt, had failed to use due care and diligence to see that his brakes met the standards prescribed by our statute, which I read to you, and find by its greater weight that there was no latent defect in the defendant's vehicle which was discoverable to Mr. Honeycutt upon proper inspection, then it would be your duty to answer this first issue in favor of the plaintiff, that is, Yes.

"If, however, you fail to find from the evidence and by its greater weight that the defendant, Mr. Honeycutt, failed to act with diligence to see that his brakes met the requirements and you find that he failed to find that a latent defect, not known to Mr. Honeycutt and not reasonably discovered by him upon proper inspection, caused him not to control his motor vehicle, then your verdict must be "No." If you are unable to determine from the evidence where the truth lies or find it evenly balanced, then your verdict must be for the defendant, that is, "No."

The agreed record on appeal indicates that the quoted instructions were given toward the end of the charge and concluded the court's instructions on the issue of negligence.

We hold that the assignment of error is well taken and entitles plaintiff to a new trial.

---

Talbert v. Honeycutt

---

In 1 Strong, N.C. Index 2d, Appeal and Error, § 50, p. 205, we find the following: "While a charge must be considered contextually, such construction cannot be invoked to reconcile conflicting instructions upon a material aspect which are not interexplanatory or correctional and remain repugnant after such construction. Thus, conflicting instructions on a material aspect of the case must be held prejudicial error, since it cannot be determined that the jury was not influenced by the portion of the charge which is incorrect." (Numerous citations.)

In *Williams v. Boulerice,* 268 N.C. 62, 149 S.E. 2d 590 (1966) our Supreme Court held that an erroneous instruction on a material aspect of the cause must be held for prejudicial error, notwithstanding that in another part of the charge the court correctly states the law in regard thereto.

In *Barefoot v. Joyner,* 270 N.C. 388, 154 S.E. 2d 543 (1967) the court held that conflicting instructions on a material point, one correct and the other incorrect, must be held for prejudicial error when the incorrect instruction is given in the final summation of what the jury must find in order to answer the issue in the affirmative, so that the jury may have followed the incorrect charge in answering the issue.

Assuming that all other portions of the charge were correct, the challenged portion relates to a material aspect of the case, the condition of defendant's brakes and his knowledge thereof. Although the first paragraph of the challenged instructions contains a contradiction, we doubt that plaintiff was prejudiced thereby; however, the second paragraph was extremely misleading and contradictory and we think the error was sufficiently prejudicial to plaintiff to warrant a new trial.

For the reasons stated, plaintiff is awarded a

New trial.

Judges MORRIS and PARKER concur.