MATTHEW CROSS AND MAGGIE O. CROSS v. JAMES W. BECKWITH

No. 7210SC651

(Filed 25 October 1972)

1. **Cancellation and Rescission of Instruments § 9; Fraud § 10— confidential relationship — burden of proof — instructions**

  In an action to set aside three deeds on grounds of mental incapacity, fraud, and undue influence, the trial court committed prejudicial error in instructing the jury that a letter from plaintiffs to defendant created a confidential relationship between the parties as a matter of law, notwithstanding the court thereafter correctly instructed the jury that plaintiffs had the burden to satisfy the jury by the greater weight of the evidence as to the existence of the confidential relationship.

2. **Appeal and Error § 50— conflicting instructions — material aspect — prejudicial error**

  Conflicting instructions on a material aspect of the case must be held prejudicial error since it cannot be determined that the jury was not influenced by the incorrect portion of the charge.

APPEAL by defendant from *Braswell, Judge,* 14 February 1972 Session of WAKE Superior Court.

Plaintiffs brought this civil action to rescind three deeds conveying property to defendant Beckwith, a cousin of Mrs. Cross, on the grounds of insufficient mental capacity, fraud and undue influence. The jury found that Matthew Cross did possess sufficient mental capacity to execute the deeds, that Maggie Cross did not possess sufficient mental capacity, and that the execution of the deeds was procured by undue influence on the part of defendant Beckwith.

*Harris, Poe, Cheshire & Leager by W. Brian Howell for plaintiff appellee.*

*Broughton, Broughton, McConnell & Boxley by Charles P. Wilkins for defendant appellant.*

CAMPBELL, Judge.

Maggie Cross did not testify as a witness in the case. Matthew Cross did testify, and it is quite apparent from the record that, due to his age and infirmities, he was somewhat confused in his testimony. Nevertheless, he denied that he had ever appointed the defendant as agent to handle his affairs. Plaintiffs' Exhibit A was a letter dated 10 February 1966, addressed

to the defendant Beckwith and purporting to be signed by both Matthew Cross and Maggie Cross, wherein defendant Beckwith was appointed a trustee to look after the affairs of Matthew and Maggie Cross "including the renting of our land and doing any and all other acts which would be to our betterment." Matthew Cross testified that he was not able to see the letter "good" and that he did not recognize the signatures on the letter.

The trial judge charged the jury:

"I charge you that it is also the law that where one occupies a confidential relationship with another and benefits from a transaction that such circumstances create a strong suspicion that undue influence has been exercised. Then the law casts upon him to remove the suspicion and prove by removing the suspicion over that the deed was free and voluntarily act of the grantor.

The term confidential relationship implies preferential position. When one is general manager of the affairs of another who relies upon him as a friend and advisor and has entire management of his affairs a presumption of undue influence arises from a transaction between them wherein the general manager is benefited.

The burden of proof is upon the general manager to show you by the greater weight of the evidence when the transaction is disputed that it was an open and honest affair.

There is evidence in this case which tends to show that the defendant James W. Beckwith and Matthew Cross and Maggie Cross the plaintiffs were together in Holly Springs area on February 10, 1966, and that on that date a document referred to as Plaintiff's Exhibit A was drawn up and signed. In substance it says, it is addressed to the defendant James W. Beckwith and says, we, Maggie O. Cross and Matthew Cross do hereby appoint you our trustee to look after our affairs including the renting of our land and doing any and all other acts which would be to our benefit. You will aid us in any of our business affairs when we call upon you.

The Court instructs you that the evidence tends to show, both from the plaintiff and defendant, that this

letter exhibited took place and transpired in February of 1966 as dated.

The Court instructs you as a matter of law that this document, the exhibit does create a confidential or fiduciary relationship between the parties, plaintiffs and defendant, to this lawsuit."

[1]   The defendant assigns the above portion of the charge as error. We think this assignment of error is well taken for that it denied the defendant his right to have the jury find the facts and consider the weight and credibility of the evidence on a very crucial point in the trial.

As stated in *McNeill v. McNeill*, 223 N.C. 178, 25 S.E. 2d 615 (1943) :

"The law is well settled that in certain known and definite 'fiduciary relations, if there be dealing between the parties, on the complaint of the party in the power of the other, the relation of itself and without other evidence, raises a presumption of fraud, as a matter of law, which annuls the act unless such presumption be rebutted by proof that no fraud was committed, and no undue influence or moral duress exerted.' *Lee v. Pearce*, 68 N.C., 76. Among these, are, (1) trustee and *cestui que trust* dealing in reference to the trust fund, (2) attorney and client, in respect of the matter wherein the relationship exists, (3) mortgagor and mortgagee in transactions affecting the mortgaged property, (4) guardian and ward, just after the ward arrives of age, and (5) principal and agent, where the agent has entire management so as to be, in effect, as much the guardian of his principal as the regularly appointed guardian of an infant. *Abbitt v. Gregory*, 201 N.C., 577 (at p. 598); *Harrelson v. Cox*, 207 N.C., 651, 178 S.E., 361; *Hinton v. West*, 207 N.C., 708, 178 S.E., 356; *McLeod v. Bullard*, 84 N.C., 515, approved on rehearing, 86 N.C., 210; *Harris v. Carstarphen*, 69 N.C., 416; *Williams v. Powell*, 36 N.C., 460.

'When one is the general agent of another, who relies upon him as a friend and adviser, and has entire management of his affairs, a presumption of fraud, as a matter of law, arises from a transaction between them wherein the agent is benefited, and the burden of proof

is upon the agent to show by the greater weight of the evidence, when the transaction is disputed, that it was open, fair and honest.' *Smith v. Moore,* (7th syllabus), 149 N.C., 185, 62 S.E., 892."

Where no such peculiar fidicuary relationship exists, then the same burden of proof is not placed upon the defendant. This is clearly revealed in the case of *In re Will of Atkinson,* 225 N.C. 526, 35 S.E. 2d 638 (1945).

The learned trial judge subsequently in the charge gave a correct instruction on this issue when he stated:

"You will remember that in considering this same issue that if the plaintiffs have satisfied you from the greater weight of the evidence that a confidential relationship did exist between the parties and that the defendant became the general manager or trustee as said in the letter of February 10th, 1966, then the burden of proof is upon the defendant to show by the greater weight of the evidence that the three deeds were obtained in open affair [*sic*] and honest manner."

In this latter instruction the trial judge correctly placed the burden upon the plaintiffs to satisfy the jury by the greater weight of the evidence as to the existence of the confidential relationship of general manager.

[2] Since the trial judge gave an instruction highly prejudicial to the defendant on a crucial issue, the correct instruction subsequently given cannot be held to correct the error. Conflicting instructions on a material aspect of the same case must be held prejudicial error since it cannot be determined that the jury was not influenced by the portion of the charge which is incorrect. *Hardee v. York,* 262 N.C. 237, 136 S.E. 2d 582 (1964); *Talbert v. Honeycutt,* 12 N.C. App. 375, 183 S.E. 2d 274 (1971).

We have refrained from a discussion of the evidence and other assignments of error in view of the fact that there must be a retrial of the case.

New trial.

Judges MORRIS and PARKER concur.