Clark v. Barber

---

IRENE C. CLARK v. HUGH EDWARD BARBER

No. 7422SC47

(Filed 6 February 1974)

1. **Pleadings § 32; Rules of Civil Procedure § 15— amendment of pleadings — allegation of contributory negligence**

     The trial court did not err in permitting the defendant to amend his pleadings after the conclusion of plaintiff's evidence in order to allege contributory negligence. G.S. 1A-1, Rule 15(b).

2. **Automobiles § 90— instructions on following too closely — absence of supporting evidence**

     In an action to recover for injuries allegedly sustained by plaintiff when defendant's vehicle struck her vehicle from the rear and caused it to collide with a third vehicle, the trial court erred in instructing the jury that plaintiff would be negligent if she "followed another vehicle more closely than was reasonable and prudent with regard to the safety of others" where there was no evidence which would support the inference that plaintiff was following any other vehicle immediately prior to the collision. G.S. 1A-1, Rule 51(a).

APPEAL by plaintiff from *Rousseau, Judge,* 25 June 1973 Session of Superior Court held in IREDELL County.

This is a civil action brought by plaintiff to recover damages for personal injuries sustained in an automobile accident which occurred on U. S. Highway #70 near Statesville, North Carolina on 8 August 1969.

The complaint alleged that plaintiff was driving a 1969 Dodge car owned by Mildred H. Patterson in a westerly direction when the car was struck from the rear by a 1962 Chrysler operated by the defendant Hugh Edward Barber and caused to collide with a 1966 Ford automobile owned by Hurley Albert Morgan. The complaint charged Barber with operating his car in a negligent manner, at a dangerous speed, without keeping proper lookout or keeping his car under control, and while under the influence of some intoxicating beverage.

The answer of Barber denied all allegations of negligence in the complaint.

The order at the pretrial conference to which both parties agreed provided for the submission of the following issues: (1) Was the plaintiff injuried by the negligence of the defendant as alleged in the complaint? (2) What amount, if any, is the plaintiff entitled to recover of the defendant?

At the trial plaintiff testified and presented other evidence from State Highway Patrolman E. W. Biddle, who investigated the accident, Dr. Harry G. Walker, who treated her injuries, and Mildred Patterson, the owner of the car plaintiff was operating and a passenger in the car at the time of the accident. Upon the conclusion of plaintiff's evidence, the defendant moved to amend his answer to allege contributory negligence of the plaintiff and specifically "that plaintiff was following the vehicle immediately in front of her too closely and that the plaintiff failed to keep a proper lookout for other traffic on the highway—in particular for the vehicle occupied and driven by Hurley Morgan . . . . "

Over plaintiff's objection this amendment was allowed.

The defendant did not offer any evidence.

The court submitted issues of negligence, contributory negligence, and damages and the jury answered both the negligence and contributory negligence issues in the affirmative.

From judgment dismissing the action, plaintiff has appealed.

*Jay F. Frank for plaintiff appellant.*

*Pope, McMillan & Bender, by W. H. McMillan, for defendant appellee.*

BALEY, Judge.

[1] The plaintiff assigns as error the action of the trial court in permitting the defendant to amend his pleadings after the conclusion of the plaintiff's evidence in order to allege contributory negligence. The court then submitted the issue of contributory negligence and charged the jury with respect to this issue, which plaintiff contends is erroneous.

Rule 15(b) of the Rules of Civil Procedure provides:

> "*Amendments to conform to the evidence.*—When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues."

It is clear that the court has authority under Rule 15(b) to permit an amendment to the pleadings at any time when there is no material prejudice to the opposing party and such amendment will serve to present the action on its merits. *Mangum v. Surles,* 281 N.C. 91, 187 S.E. 2d 697; *Roberts v. Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721.

[2] The real question in this appeal concerns the failure of the court to comply with Rule 51(a) of the Rules of Civil Procedure in its instructions to the jury. In our judgment under the evidence in this case the court failed to declare and explain properly the law arising on the evidence and indeed charged the jury upon a state of facts which did not appear in evidence. The court quoted plaintiff as having stated "that she was following the other car some distance" and left the impression throughout the entire charge that plaintiff was following upon the highway the Ford car operated by Hurley Morgan. There is no evidence in the record that plaintiff was following the Morgan car upon the highway. The court instructed the jury that plaintiff would be negligent if she "followed another vehicle more closely than

---

---

was reasonable and prudent with regard to the safety of others," when there was no evidence which would support the inference that plaintiff was following any other vehicle immediately prior to the collision.

This case appears to have been tried upon the theory that three cars were proceeding down the highway with the Morgan car in front, plaintiff's car immediately following, and defendant's car in the rear. According to the evidence of patrolman Biddle, the Morgan car "was damaged to the left front and some damage along the side," the car operated by plaintiff "sustained damage to the rear and front," and defendant's car "sustained damage to the front." All the evidence showed that the damage sustained by the Morgan car was in the front and left side. The location of this damage made it physically impossible for the plaintiff to have been following the Morgan car at the time of the collision. The pretrial order stipulates:

> "(g) Presence of other vehicles, where significant: 1966 Ford automobile belonging to Hurley Albert Morgan immediately in front of Patterson [plaintiff's car] and Barber [defendant] automobiles *with rear wheels off the pavement facing South.*" (Emphasis added.)

The plaintiff testified: "It [the Morgan car] could have been sitting off the highway. . . . I didn't drive into his car. I do not know where his car was before I was knocked into it."

Admittedly the evidence concerning how and where this accident occurred is somewhat confusing, but there is nothing to indicate that plaintiff was following another vehicle prior to the collision. The instructions of the court are based upon an assumption of facts which are not in evidence and must be held for error. *Supply Co. v. Rozzell,* 235 N.C. 631, 70 S.E. 2d 677; *In re Will of Atkinson,* 225 N.C. 526, 35 S.E. 2d 638; *Penny v. R. R. Co.,* 10 N.C. App. 659, 179 S.E. 2d 862, *cert. denied,* 278 N.C. 702, 181 S.E. 2d 603.

Plaintiff is entitled to a new trial for error in the charge. Other assignments of error brought forward by plaintiff are not discussed as they will likely not occur in a second trial.

New trial.

Judges CAMPBELL and HEDRICK concur.