JAMES B. CURL, JR., BY AND THROUGH HIS GUARDIAN AD LITEM, FRED CURL, JUDY C. CARPENTER CUMMINGS, PATTY C. THURSTON, AND VICKI C. JOHNSON v. WALTER JACK KEY AND WIFE, MARGARET KEY, WILLIAM C. RAY, TRUSTEE, AND W. MARCUS SHORT

No. 8218SC1026

(Filed 20 September 1983)

1. Trial § 58.3— nonjury trial—conclusiveness of findings

 Findings of fact made by the court in a nonjury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support them, although the evidence might have supported findings to the contrary.

2. Cancellation and Rescission of Instruments § 3.1— elements of undue influence

 In order to set aside an instrument because of undue influence, it must be shown that (1) the victim was a person susceptible to influence and (2) a result indicating undue influence was exercised.

3. Cancellation and Rescission of Instruments § 3.1— undue influence—relevant factors

 Factors relevant in determining if a victim was subjected to undue influence and if his will was actually overcome include the age, physical and mental condition of the victim; whether the victim had independent advice; whether the transaction was fair; whether there was independent consideration for the transaction; the relationship of the victim and alleged perpetrator; the value of the item transferred compared with the total wealth of the victim;

whether the perpetrator actively sought the transfer; and whether the victim was in distress or an emergency situation.

**4. Cancellation and Rescission of Instruments § 3.1— undue influence—burden of proof**

Where there is a confidential relationship between the parties in an undue influence case, a presumption of fraud arises if the fiduciary benefits in any way from the relationship, and the burden is then upon the fiduciary to remove the suspicion by presenting proof that the transaction was a voluntary act of the alleged victim. Where there is no confidential or fiduciary relationship, the burden of proof remains upon the party alleging undue influence.

**5. Cancellation and Rescission of Instruments § 10.2— execution of deed—absence of confidential relationship and undue influence**

In an action to set aside a deed on the ground of undue influence, there was ample evidence to support the trial court's finding that no confidential relationship existed between plaintiffs and defendant where evidence for the defendant tended to show that defendant was not a blood relative, that while he lived with the plaintiffs he paid rent and was treated as an ordinary tenant, and that he occupied no position of special trust or responsibility as to the plaintiffs. Furthermore, there was ample evidence to support the trial court's finding that no undue influence had been exerted by defendant where there was evidence that plaintiffs were both adults when they signed the deed and both were better educated than defendant; plaintiffs were not physically or mentally disabled in any way; defendant was almost illiterate and was partially disabled as a result of an accident suffered in the plaintiffs' home; although defendant was represented by an attorney and plaintiffs were not, defendant's attorney explained to plaintiffs the purpose and effect of the deed; and the deed was executed in settlement of defendant's threatened personal injury suit against plaintiffs.

APPEAL by plaintiffs from *John, Judge*. Judgment entered 27 August 1982 in GUILFORD County District Court. Heard in the Court of Appeals 25 August 1983.

Plaintiffs brought this action to set aside a deed conveying their family home to defendant Walter Jack Key. The case was tried before Judge John without a jury.

At trial, plaintiffs alleged among other grounds, that plaintiffs James B. Curl, Jr. and Vicki Curl Johnson were minors at the time the deed was executed and had not since ratified the deed. Plaintiffs also alleged that defendant Key stood in confidential relationship to them and that he exerted undue influence upon them in obtaining the deed to the family home. The trial court granted summary judgment before trial in favor of James

B. Curl, Jr. and Vicki Curl Johnson, on the grounds they were infants when the deed was signed. They therefore do not join this appeal.

At trial, plaintiffs' evidence tended to show the following circumstances, events and transactions. Defendant Key was a longtime, close family friend to whom plaintiffs turned for advice after their father died, leaving them the family home as their sole inheritance. Key lived with them as a member of the family for some months. Plaintiffs were unaware that they were signing a deed to their home and neither defendant nor defendant's attorney discussed the nature or effect of the document.

Defendant's evidence tended to show that although defendant was a friend of plaintiffs' deceased father and was called "Uncle Jack" by plaintiffs, defendant Key was not a blood relative, nor did he occupy a special, advisory relationship to plaintiffs. Defendant lived with plaintiffs for a time, but he paid rent and occupied only the position of tenant to landlord as to the plaintiffs. Defendant was injured in an accident in the plaintiffs' home, was considering suing the plaintiffs for personal injuries he suffered in the mishap, and plaintiffs deeded their home in settlement of the claim. Although plaintiffs were not represented by an attorney when they executed the deed, defendant's attorney explained the significance and effect of the transaction to plaintiffs before they signed the deed.

From judgment entered for defendant, plaintiffs Judy C. Cummings and Patty C. Thurston appealed.

*Adams, Kleemeier, Hagan, Hannah & Fouts, by John P. Daniel, for plaintiffs.*

*Short & Simpson, by H. Marshall Simpson, for defendants.*

WELLS, Judge.

Plaintiffs assign as error that the trial court found as facts that no confidential relationship existed between defendant and plaintiffs, and that defendant exerted no undue influence upon the plaintiffs. Plaintiffs argue there was insufficient evidence in the record to support the findings of fact.

[1] Findings of fact made by the court in a nonjury trial have the force and effect of a jury verdict and are conclusive on appeal

if there is evidence to support them, although the evidence might have supported findings to the contrary. *Henderson County v. Osteen*, 297 N.C. 113, 254 S.E. 2d 160 (1979); *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975); *Complex, Inc. v. Furst*, 57 N.C. App. 282, 291 S.E. 2d 296, *disc. rev. denied*, 306 N.C. 555, 294 S.E. 2d 369 (1982).

[2] Undue influence is defined as force or persuasion exerted "over the mind and will of another to the extent that the professed action is not freely done but is in truth the act of the one who procures the result." *In re Estate of Loftin*, 285 N.C. 717, 208 S.E. 2d 670 (1974), *Brown v. Brown*, 171 N.C. 649, 88 S.E. 870 (1916). Undue influence is distinguished from fraud in that "[f]raud . . . is characterized by false representations, concealment, or deception, whereas there may be undue influence although all facts are truly represented and full disclosure of them made." 25 Am. Jur. 2d *Duress and Undue Influence* § 35 (1966), *Link v. Link*, 278 N.C. 181, 179 S.E. 2d 697 (1971). Thus the two key elements of undue influence which must be proven are: (1) the victim was a person susceptible to influence and (2) a result indicating undue influence was exercised.

[3] Factors relevant in determining if the victim was subject to undue influence and whether his will was actually overcome include the age, physical and mental condition of the victim, whether the victim had independent advice, whether the transaction was fair, whether there was independent consideration for the transaction, the relationship of the victim and alleged perpetrator, the value of the item transferred compared with the total wealth of the victim, whether the perpetrator actively sought the transfer and whether the victim was in distress or an emergency situation. 25 Am. Jur. 2d *supra*, § 36.

[4] Assignment of the burden of proof in an undue influence case hinges upon whether a confidential or fiduciary relationship existed between the perpetrator and the victim. Where there is a confidential relationship between the parties, a presumption of fraud arises if the fiduciary benefits in any way from the relationship. *Cross v. Beckwith*, 16 N.C. App. 361, 192 S.E. 2d 64 (1972). The burden is then upon the fiduciary to remove the suspicion by presenting proof that the transaction was a voluntary act of the alleged victim. *McNeill v. McNeill*, 223 N.C. 178, 25 S.E. 2d 615

(1943). *See also* cases cited in Strong's N.C. Index *Cancellation & Rescission* § 9 (1976, 1983 Supp.). Where there is no confidential or fiduciary relationship, the burden of proof remains upon the party alleging undue influence. *Wessell v. Rathjohn,* 89 N.C. 377 (1883), 25 Am. Jur. 2d *supra* § 36.

Courts have been reluctant to define precisely what constitutes a confidential or fiduciary relationship.

> The relation may exist under a variety of circumstances; it exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence. 'It not only includes all legal relations, such as attorney and client, broker and principal, executor or administrator and heir, legatee or devisee, factor and principal, guardian and ward, partners, principal and agent, trustee and *cestui que trust,* but it extends to any possible case in which a fiduciary relation exists in fact, and in which there is confidence reposed on one side, and resulting domination and influence on the other.' (Cites omitted.)

*Abbitt v. Gregory,* 201 N.C. 577, 160 S.E. 896 (1931), *see also Link v. Link, supra.*

[5] In the case at bar, there was ample evidence to support the trial court's finding that no confidential relationship existed between defendant and plaintiffs. Evidence for the defendant showed that defendant was not a blood relative, that while he lived with the plaintiffs he paid rent and was treated as an ordinary tenant, and that he occupied no position of special trust or responsibility as to the plaintiffs.

There was also sufficient evidence presented that defendant exerted no undue influence over the plaintiffs. First, evidence for the defendant tended to show that plaintiffs Judy Cummings and Patty Thurston were not susceptible to undue influence. Plaintiffs were both adults when they signed the deed and both were better educated than defendant Key. There was no showing that either plaintiff was physically or mentally disabled in any way. Defendant, on the other hand, was almost illiterate, and was partially disabled as a result of the accident suffered in the plaintiffs'

home. Although defendant was represented by an attorney, and plaintiffs were not, there was evidence that defendant's attorney explained the purpose and effect of the deed to plaintiffs.

Further, there is evidence that plaintiffs' free will was not actually overcome by defendant, because there was evidence the deed was transferred in settlement of defendant Key's threatened personal injury suit against plaintiffs. Because there was ample evidence to support the trial court's findings that no confidential relationship existed and no undue influence had been exerted by defendant, this assignment of error is overruled.

Plaintiffs do not present arguments in support of their other assignments of error in their brief. Therefore, those issues are not preserved for consideration by this court. Rule 28(b)(5) of the Rules of Appellate Procedure.

Affirmed.

Judges HEDRICK and PHILLIPS concur.